Per Curiam.

The objection that this demand arises out of a partnership concern is conclusive. There has not been a liquidation of the demand, and, certainly, nothing like an express promise to pay it. The merits, also, of this case, are with the defendant. The compromise made by the plaintiff's was unjustifiable. The weight of evidence is clear, that Seymour was always able to pay the debt. The plaintiffs received the debt as their own, and have treated it as such, and have acted in such a manner as to take away all right to throw any part of the loss on the defendant. There must be a new trial, with costs to abide the event.
New trial granted. (a)
(b)

 Vide Robson v. Curtis, (1 Starkies N. P. Rep. 78.) A. received a bill of exchange in payment for cattle, jointly purchased by himself and B.. and sold to C.f which he endorsed to B., and being; dishonored, B. promised A. that, if he would take up the bill, he, B., would pay A. half the amount. In an action of assumpsit, brought by A. on this promise, Lord ElUmhorongh said, that if there had been partnership dealings, and only one item remained unadjusted, the difficulty as to partnership would disappear; hut that not being the case, as some of the cattle remained unsold, after the sale to C., and it did not appear that the account had been settled, he nonsuited the plaintiff. In Venning v. Leekic, (13 East, 7.) where the plaintiff and defendant agreed to he jointly concerned in the purchase of a quantity of flax, and to share in the profit and loss, and the defendant promised to furnish one half the amount, in time, for the payment; it was held, that assumpsit would lie against the defendant for his share of the purchase money.

 See Musier v. Trumpbour, 5 Wendell's Rep. 274. The rule that an action of assumpsit will not lie by one partner against another for moneys paid in the partnership concern, is as applicable to a law partnership of practising attorneys as to other partnerships. Westerlo v. Evertson, 1 Wendell's Rep. 532. Smith v. Allen. 18 Johns. Rep. 245. It seems by the case last cited, that, after a trial decided for the plaintiff, it is too late for the defendant to object, that the subject matter of the suit was a copartnership contract between him and the plaintiff. The objection ought to be made at the trial.