## Case No. 5,909.
### HALDERMAN v. HALDERMAN.
[Hempst. 559.] [1]

Circuit Court, D. Arkansas. Aug., 1847.

EVIDENCE—SECONDARY—SUITS BETWEEN PARTNERS.

1. A copy is inadmissible unless the original is lost or destroyed, or beyond the power of the party to produce it.

2. Until there is a final settlement and adjustment of all partnership accounts, and a balance struck, one partner is not permitted to sue the others, either at law or in equity, for money paid by him on account of the partnership concern.

3. For money due to a partner from the partnership, payment, except in a few special cases, can only be enforced by application to a court of equity for an account and dissolution of the partnership.

[Cited in Culley v. Edwards, 44 Ark. 423.]

4. When upon the dissolution of a partnership, all accounts have been adjusted, and a balance struck, an action at law will lie for such balance.

5. The jurisdiction of a court of equity in such a case doubted.

[1] [Reported by Samuel H. Hempstead, Esq.]

F. W. Trapnall and John W. Cocke, for complainant.

Absalom Fowler, for defendant.

JOHNSON, District Judge. John Halderman filed this bill in chancery against the defendant, Peter Halderman, in which he alleges that many years ago he entered into partnership with the defendant, together with William Knox and Alexander Scott, who, being non-residents, are not made defendants, and carried on business under the name, firm, and style of Knox, Halderman & Scott, and after carrying on the partnership business for some time, it was dissolved by mutual consent of the parties concerned. And on final settlement of all the concerns of the partnership on the 1st of January, 1822, the firm was found to be indebted to John Halderman, individually, in the sum of three thousand one hundred and four dollars, one fourth of which he claims from the defendant, as one of the partners, being seven hundred and seventy-six dollars, and for that sum prays a decree against the defendant. The defendant, in his answer, admits the partnership, but denies the final settlement, as stated in the bill, and also positively denies that he is indebted to the complainant to even the smallest amount, on account of the partnership. The present complainant [Walter N. Halderman] has produced in evidence a copy of the individual account of his intestate against the firm, signed by John Halderman, William Knox, and Alexander Scott, dated at Pittsburgh, the 18th of March, 1820, without accounting for the absence of the original.

It is a rule of evidence that the original paper must be produced, and that a copy is inadmissible unless the original is lost, destroyed, or beyond the power of the party to produce it. [Riggs v. Taylor] 9 Wheat. [22 U. S.] 483; [Sebree v. Dorr] Id. 558; [Renner v. Bank of Columbia] Id. 581; [Taylor v. Riggs] 1 Pet. [26 U. S.] 596; [Winn v. Patterson] 9 Pet. [34 U. S.] 663.

But waiving this objection, upon looking into the account against the firm, it appears to be a statement of payments made by John Halderman, of debts due by the firm for which he is entitled to be credited. It does not purport to be a final settlement of the affairs of the partnership. On the contrary, it is manifest that it was not; because, in the memorandum on the account, it is expressed that "the accounts as stated in the books are to stand, and each partner to be charged with a fair proportion of all losses and expenses which may accrue in settling up the business. Each partner is to keep a correct account of all receipts and expenditures, returns of which are to be forwarded to William K. Rule, at St. Louis, quarterly, in order to enable him to square the accounts, without the trouble and expense of again coming to Maysville or Pittsburgh." From this memorandum it clearly appears that a final settlement was not then made, and that many things were to be done before one could be made. There was no final adjustment—no balance struck. Until there is a final settlement and adjustment of all accounts between partners, and a balance struck, one partner is not permitted to sue the others, either at law or in equity, for money paid by him on account of the partnership concern. Where money is due from one partner to another, by simple contract on the partnership account, payment, except in a few special cases, can only be enforced by application to a court of equity on a bill for an account and a dissolution of the partnership. Colly. Partn. 144. When upon a dissolution of a partnership, all the accounts have been adjusted and a balance struck, an action at law will lie for such balance. 1 Story, Eq. § 664, note 1; Colly. Partn. 151, 153; 1 Hall, 180. Whether a bill in chancery will also lie in such a case, need not now be determined, as the evidence shows that this is not a case of that description. My impression is, that the remedy at law would be ample and complete, and that unless a discovery is asked and obtained, or some special reason exists for invoking the aid of a court of equity, a chancellor ought not to entertain such a bill.

The bill in the present case not being filed with a view to obtain a general account and settlement of all the partnership transactions, but for the payment of a balance claimed to be due to one partner from another, and the case being unsustained by proof of any final settlement among the partners, must be dismissed at the cost of the complainant. Decreed accordingly.

[See Case No. 5,908.]