FRANK ROSS, as Ancillary Administrator, etc., of JAMES G. ROSS, Respondent, *v.* WALLACE P. WILLETT et al., Appellants.

*Partnership as to profits and losses only — title to the property — it passes to an administrator and not to the co-partners of the partner holding it — a loss should be determined in equity, not at law — ancillary administration.*

A joint adventure is a limited partnership, not limited in a statutory sense as to liability but as to its scope and duration, and, under the laws of the State of New York, joint adventures and partnerships are governed by the same rules.

It is entirely legal and competent for persons to agree that they will share the profits and losses arising from the purchase and sale of goods, although, as between themselves, one of them retains the legal title to the goods, and in such case they do not become partners in the goods, but are such in respect to the profits and losses.

Where the title to certain property is in one person, and others have the right to one-fourth of the profits thereon, if any are made, and are bound to bear one-fourth of the losses, if any occur, the title to such property does not devolve upon the surviving partners, upon the death of the partner in whom the title was, but upon his legal representatives who have the right to make a sale of the property.

Where there is a partnership as to profits and losses, an action in equity to determine the amount of the loss is proper and an action at law is not maintainable.

It was shown upon an application for ancillary letters on the estate of a decedent, that such decedent was a resident citizen of the province of Quebec, where he died, and that by certain judicial proceedings, known as "verification of heirship," had in that province and by virtue of certain powers of attorney, the applicant for ancillary letters acquired a legal right to the possession of all the personal estate of such decedent, and that his authority to act in such province had not been revoked or annulled.

*Held,* that such person was properly appointed ancillary administrator of the estate of said decedent.

APPEAL by the defendants, Wallace P. Willett and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of March, 1892, upon the decision of the court after a trial at the New York Special Term.

*Theodore F. Sanxay,* for the appellants.

*George B. Adams,* for the respondent.

FOLLETT, J. :

The court found, and we think the evidence required the finding, that James G. Ross and the defendants were engaged in two joint adventures by which Ross purchased two cargoes of sugar, taking the legal title to them in his own name, under an agreement between him and the defendants that they should have one-fourth of the profits, if any, and should bear one-fourth of the losses, if any. These facts are established beyond doubt by the defendants' letters and telegrams. One of these cargoes, the "Cornelia Smit," was purchased in April, 1880, and was held until June 17, 1889, when it was finally sold at a large loss. The other, the "Phineas Pendleton," was purchased in December, 1880, and was held until July 2, 1889, when it was also sold at a large loss. During the time that these cargoes were held, between eight and nine years, the defend-

ants were repeatedly asked, but always refused, to pay one-fourth of the cost of the cargoes and the accrued expenses, though they never denied their interest in them nor their liability for one-fourth of the loss. Ross offered to deliver to the defendants one-fourth of the sugar if they would pay one-fourth of its cost and its expenses, which they refused to do.

October 1, 1888, James G. Ross died, and on the 25th of April, 1889, ancillary letters of administration upon his estate were issued to the plaintiff by the surrogate of the city and county of New York. On the 17th of June, 1889, the plaintiff in this action sold the Smit cargo, and July 2, 1889, he sold the Pendleton cargo. On the 30th of April, 1890, he brought this action to recover one-fourth of the loss arising from the adventures.

It is insisted on behalf of the appellants that no partnership existed, as between James G. Ross and themselves, but if there were, that his administrator did not succeed to the legal title to the property, and he had no right to sell it. A joint adventure is a limited partnership, not limited in a statutory sense as to liability, but as to its scope and duration, and under our law joint adventures and partnerships are governed by the same rules. (*Hubbell* v. *Buhler*, 43 Hun, 82–84.)

It cannot be denied that it is entirely legal and competent for persons to agree that they will share the profits and losses arising from the purchase and sale of goods, though, as between themselves, one of them retains the legal title to the goods. In case A. and B. agree that the former shall purchase certain articles at an agreed price for the purpose of speculation, and that they shall share the profits and losses arising from the venture, they do not, as between themselves, become partners in the goods, but are such in respect to the profits and losses. (*Moore* v. *Huntington*, 7 Hun, 425; *Ward* v. *Thompson*, 22 How. [U. S.] 330; *Smith* v. *Watson*, 2 B. & C. 401; *Meyer* v. *Sharpe*, 5 Taunt. 74; Story Part. § 27; Lind. Part. [3d Eng. ed.] 19, 20 *et seq.*)

Under the facts proved in this case it is clear that James G. Ross held the legal title to the two cargoes of sugar, and that the defendants had the right to one-fourth of the profits, if any were made, and were bound to bear one-fourth of the loss, if any accrued. Under such circumstances, the title to the cargoes of sugar not

being in the partners, it did not devolve upon the surviving partners at the death of Ross, but upon his legal representative, who had the right to make a sale of the property. The evidence shows that he consulted with these defendants in respect to the time and mode of sale, and that they refused to consent that a sale should be made, and declined to advance the one-fourth part of the sums expended in the venture. It is further shown that the plaintiff sold these cargoes at a time when they brought a larger price than could have been obtained for them at any time subsequent to the death of his intestate, and there is no claim that the sale was not an advantageous one.

There being a partnership as to profits and losses, an action in equity to determine their amount was the appropriate remedy, and an action at law to recover one-fourth of the sum could not have been maintained. (*Attwater* v. *Fowler*, 1 Hall, 180.) The profits or losses of one or two joint adventures can no more be adjusted and recovered in a legal action than can those of a general partnership, the same principles being applicable to both. The fact that the defendants admitted in their answer (divisions 8 and 9) that the items constituting the account and set forth in the plaintiff's bill of particulars were correct, did not deprive the court of equity of its jurisdiction of the action.

It is urged that this plaintiff was not duly appointed ancillary administrator of the estate of the decedent. Section 2696 of the Code of Civil Procedure provides that " in cases where the decedent, at the time of his death, resided without the United States, upon the presentation to such Surrogate's Court of satisfactory proof that the party so applying * * * is entitled to the possession in the foreign country of the personal estate of such decedent, the Surrogate's Court to which such copy of such foreign letters, so authenticated, or such proof is so presented, must issue ancillary letters of administration in accordance with such application, except in the following cases." The exceptions have no relation to the case in hand. ·The evidence shows and the court found that James G. Ross was a resident citizen of the province of Quebec in the Dominion of Canada, where he died October 1, 1888, and that by certain judicial proceedings known as " verification of heirship," had in that province and by virtue of certain powers of attorney, the plaintiff in this action

acquired the legal right to the possession of all the personal estate of James G. Ross, deceased.

The proof was clear and undisputed that when the plaintiff was appointed ancillary administrator by the surrogate of the county of New York, and when this action was tried, he was entitled to the possession in the province of Quebec of the personal estate of James G. Ross, which brings the case precisely within the provisions of the section of the Code above quoted, and authorized his appointment. His authority to act in the province of Quebec had not at the time of the trial been revoked or annulled, and his right to maintain this action was perfect.

Many exceptions were taken on the trial to the admission and rejection of evidence, some of which related to the mode of proving the items of account, about which there was no real controversy, and the other exceptions in no way affect the merits, and they do not deserve consideration. After a careful examination of the evidence contained in this record we are satisfied that there is no real merit in the defense in this action, and that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.