(128 App. Div. 776.)

### RICE v. PETERS.

(Supreme Court, Appellate Division, Third Department. November 11, 1908.)

1. LANDLORD AND TENANT (§ 331\*)—RENTING ON SHARES—ACTIONS BETWEEN PARTIES—ACCOUNTING.

    Where a lessor of a farm on shares sold the crops and received the proceeds, with the consent of the lessee, the lessee was entitled to an accounting; the parties being tenants in common of the crops.

    [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 331.\*]

2. TENANCY IN COMMON (§ 37\*)—MUTUAL LIABILITIES—ACCOUNTING.

    A tenant in common receiving the common property, either wrongfully or by consent, holds it as trustee for his co-tenant to the extent of the interest of the co-tenant, who may compel an accounting.

    [Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. § 106; Dec. Dig. § 37.\*]

3. ACCOUNT (§ 3\*)—JOINT VENTURES—ACCOUNTING.

    Plaintiff and defendant's testator engaged in buying, training, and selling horses on the understanding that testator should advance the money, and that the profits should be shared equally. Plaintiff performed the contract and several horses were sold at a profit, and testator received the proceeds. Some were retained by testator for his own use which could have been sold at a profit. *Held*, that there was a joint venture authorizing plaintiff to compel an accounting.

    [Ed. Note.—For other cases, see Account, Cent. Dig. §§ 10–12; Dec. Dig. § 3.\*]

Appeal from Trial Term, Washington County.

Action by George Carver Rice against William R. Peters, as executor of Orrin K. Rice, deceased. From a judgment of dismissal (111 N. Y. Supp. 5), plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Edgar T. Brackett (William S. Ostrander, of counsel), for appellant.

Herbert Van Kirk, for respondent.

SMITH, P. J. The complaint was dismissed at the opening of the trial before evidence taken. The sole question for determination, therefore, is whether the complaint states a cause of action. We may assume for the argument that no cause of action is stated for a discovery of evidence, nor a cause of action at law for damages, because no definite sum is stated in which plaintiff has been damaged. Nevertheless we are of opinion that the complaint states two causes of action in equity for an accounting.

The first cause of action stated is for an accounting for the proceeds of certain farm produce, which was the product of a farm which

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff was working upon shares for the defendant's testator. This farm produce was intrusted by the plaintiff to defendant's testator for sale, and "sold and disposed of by said deceased in his lifetime, and the proceeds thereof received by him for the joint use and benefit of himself and the plaintiff." The lessor and lessee under a lease of a farm upon shares become tenants in common of the crops. If one tenant in common receives the common property, either by consent or wrongfully, he holds it as trustee for his co-tenant to the extent of the interest of that co-tenant, and the co-tenant is entitled to proceed in equity to compel an accounting. Abbey v. Wheeler, 170 N. Y. 122, 62 N. E. 1074; Dyckman v. Valiente, 42 N. Y. 549.

For a second cause of action the plaintiff alleges that he and the deceased—

"were engaged in the business of buying, training, improving, and selling horses, upon the understanding and agreement that said deceased should advance the money for the purchase and transportation of said animals and the expenses of plaintiff while engaged in buying the same, and that the plaintiff should perform the services of selecting and buying of said animals and training and caring for them and assist in selling them, and that whatever profits should be realized upon such dealings should be shared equally between the plaintiff and said deceased."

The plaintiff then alleges his performance of the contract; that several such animals were sold at a profit, and some were retained by deceased for his own use which could have been sold at a large profit; that the deceased received the proceeds of the sale of all of said animals, and has never rendered an account thereof to plaintiff, though often requested by plaintiff so to do. The right to proceed in equity for an accounting upon this cause of action is not entirely clear. The case comes very near to the case of Smith v. Bodine, 74 N. Y. 30, in which an employé was to receive a percentage of the profits as payment for services, and in which it was held that the employé was not entitled to proceed in equity for an accounting. In the case of Marston v. Gould, 69 N. Y. 220, however, we find the situation very similar to the case at bar. In that case it was held that there was such a joint enterprise as authorized an action in equity for an accounting. We are of opinion that the facts stated showed a joint venture, distinguishable from the facts in the case of Smith v. Bodine, and one of which equity ought to take cognizance for the purpose of establishing the accounts between the parties. Our conclusion is that the complaint was improperly dismissed, and that judgment should, therefore, be reversed and a new trial granted, with costs to appellant to abide the event.

Judgment reversed and new trial granted, with costs to appellant to abide event. All concur.

JOHN M. KELLOGG, J. (concurring). The complaint, in substance, sets forth three causes of action: (1) To recover the plaintiff's half of the farm produce which the defendant's testator had sold; (2) to recover his half of the profits on some horse transactions, which profits defendant's testator had received; (3) to recover for the value of various services performed by the plaintiff. All the necessary facts

are alleged to show a cause of action for each of these matters, except the amount of the plaintiff's damages is not definitely alleged, but in place thereof is the general allegation that they amount to several hundred dollars, and the plaintiff has no account of them, that by agreement between them the defendant's testator had kept such an account, and then the plaintiff asks to have the defendant account for the various matters, and that he have judgment for the balance found his due.

For the purpose of reviewing the correctness of the judgment, it is not necessary to decide whether the complaint sets forth a cause of action for equitable or legal relief. It would seem to be a reproach to our judicial system if upon the facts stated the plaintiff is not entitled to some relief. No motion to make the complaint more definite and certain was made, but at the trial for the first time objection was raised to the complaint, and it was dismissed for insufficiency, on the apparent assumption that equitable relief alone was sought, and that the matters set forth did not justify such relief. Upon the motion as made the question was not for the court to determine whether the relief desired was legal or equitable, but whether upon the conceded facts the plaintiff was entitled to any relief. I am inclined to think that the allegations of the complaint entitled the plaintiff to equitable relief. If not, he was clearly entitled to recover damages. If we treat the action as a legal one, the complaint is clearly subject to a motion to make it more definite and certain, and to have the causes of action stated and numbered, but such objections were waived. Upon a motion to make the complaint more definite and certain, the excuses set up in the complaint for not stating more particularly the amount of damages would come before the court for consideration in determining whether the plaintiff may be compelled to state them more specifically. Without discussing the technical question whether the complaint is one at law or in equity, it is apparent, taking the allegations as true, that the plaintiff is entitled to some relief.

The judgment therefore should be reversed.