JOHN H. HARTE, APPELLEE, V. GUSTAVE E. SHUKERT,
APPELLANT.

FILED JUNE 26, 1913.    No. 17,282.

1. Landlord and Tenant: LEASE: FORFEITURE: ESTOPPEL. A landlord
   who, for several months, failed to exercise an option to declare
   the forfeiture of a long-term lease for nonpayment of past-due
   monthly rentals, while the tenant, with the knowledge and con-
   sent of the landlord, was making permanent improvements under
   his lease at a vast expense, may be estopped to exercise such
   option after the improvements have been completed.

2. Mechanics' Liens: MERGER OF LEASEHOLD IN FEE. Though a me-
   chanic's lien, when filed, attached only to a leasehold estate, it
   may be enforced against the fee also after the leasehold has been
   merged therein by the acts of the landlord.

3. ———: INDEBTEDNESS: INSURANCE PREMIUMS. The statute creat-
   ing the right to a mechanic's lien does not authorize a lien for
   premiums paid by a contractor for liability insurance.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed as modified.*

*W. H. Herdman* and *Martin Langdon,* for appellant.

*M. L. Learned* and *Carl E. Herring, contra.*

ROSE, J.

This is an action to foreclose a mechanic's lien for $15,-113.08 on a lot in Omaha. Under a contract for improvements, Harte, the plaintiff, earned $42,628.19 between November 6, 1907, and June 26, 1909. He received $27,-515.11. The lien is for the remainder.

When Harte commenced work there was on the lot a two-story brick building occupied by the owner, Gustave E. Shukert, and his tenants. The contract for the improvements was made by Harte and Tolf Hanson, the latter having leased the premises from Shukert, May 20, 1907, for a term of ten years, beginning April 1, 1908, the agreed rental being $102,000, payable monthly in advance at the rate of $850 a month from April 1, 1908. Under the terms of the demise, failure to pay any part of the rent when due gave Shukert the right, at his option, to declare the lease at an end, and thereby cancel and annul it, to retake immediate possession of the premises, and to remove any person occupying the same. The lease also provided: "All the improvements to said premises made by said lessee shall revert to the owner at the expiration of this lease." With the consent of the owner and the other occupants, Harte began to make permanent improvements for Hanson as early as November 6, 1907, and continued until sums in excess of $70,000 had been expended by June 26, 1909, when Hanson became insolvent. He had not paid the rents for May, June and July of that year, but Harte and other creditors paid the May rent July 21, 1909. In the federal court Hanson was adjudged a bankrupt August 3, 1909, and died September 1, 1909. The receiver of the

bankrupt estate and the trustee in bankruptcy held possession of the demised premises from July 31, 1909, until September 30, 1909, and paid the monthly rentals. Pursuant to a void order of the bankruptcy court, the trustee surrendered the leasehold estate to Shukert, September 30, 1909, and he has been in possession of the premises ever since. Shukert and his wife, his tenants, the trustee in bankruptcy and the administratrix of the estate of the deceased Hanson are defendants herein. The defense of Shukert is that the Harte lien attached only to the leasehold interest of Hanson; that Shukert exercised his option to terminate the lease for nonpayment of rentals due; that the lien expired with the lease; and that the improvements made by Hanson became the property of Shukert. The trial court found that there had been no effective forfeiture of the lease, and that the leasehold estate had been merged in the fee, and rendered a decree of foreclosure in favor of Harte for the full amount of his claim. Shukert has appealed.

The finding that the lease had not been forfeited or terminated for nonpayment of rentals is challenged as erroneous. On the first day of each of the months of May, June and July, 1909, Shukert made a demand for the amount due and unpaid. He asserts that he notified Hanson in writing July 31, 1909, to vacate the premises within three days, and that service was made by leaving the notice at Hanson's usual place of residence. It is argued that the demands and notice mentioned, in connection with the defaults of Hanson, amounted to an exercise of Shukert's option to declare the lease at an end and to retake possession of the premises. By undisputed facts Shukert, on principles of justice and equity, is estopped to assert against Harte the forfeiture of the lease. Harte made the improvements under the direction of Hanson. They were made on a scale so expensive as to indicate that they never would have been undertaken except in contemplation of their use by the lessee during the term fixed by the lease. This was understood by the parties. Shukert knew what

was being done on the premises by Hanson and Harte, and observed the progress made by them in improving his property. Months before Hanson began to remodel the building, Shukert knew of his tenant's intention to improve it in a manner requiring the outlay of large sums of money. He stood by for more than a year and saw improvements made at the rate of thousands of dollars a month until the aggregate exceeded $70,000. He knew Harte's connection with the work, and during a portion of the time visited the premises daily. For the entire period covered by these expenditures, no rent was ever paid when due. While the property was being improved, Shukert did not exact payment of the monthly rentals according to the terms of the lease or attempt to exercise his option to cancel it. Had he done so, the situation of Hanson and Harte would have been changed. In that event their improvements and expenses would have been stopped at the end of the first month of the term. Instead of exercising his option, he accepted the rent for each month after the time when it should have been paid and permitted the work of improvement to proceed. He knew of Harte's right to a mechanic's lien. He was charged with notice of the lien when filed. He knew it bound the leasehold estate of Hanson. He waived his right to exercise his option during the time his property was being improved; but, when the work of improvement ceased, he attempted to declare a forfeiture of the lease and to take possession of the improvements as his own property without discharging the lien of Harte. This is not the ordinary case of the forfeiture of a lease for a default in payment of rent, where the tenant makes no improvements, but uses the landlord's property alone. In the present case the right to use permanent and valuable improvements made by the tenant with the consent of the landlord is involved. The distinction is stated in *O'Connor v. Timmermann*, 85 Neb. 422, 24 L. R. A. n. s. 1063. The opinion in that case contains this language: "There is a class of cases holding that one having the right to declare a forfeiture, who does not declare it when he is

entitled to do so, waives the right, but this rests upon the ground of estoppel. In such cases the lessee has usually incurred large expenditures or made valuable improvements believing that, by the landlord failing to assert the right of forfeiture after breach of condition, it would not be asserted."

In the present case facts creating an estoppel which prevents Shukert from asserting, as against Harte, that the option to declare the lease at an end had been exercised are clearly established by undisputed evidence.

It is further argued that the decree is erroneous because it permits the fee to be sold to satisfy Harte's lien, which attached only to the leasehold of Hanson. There were two estates, the fee and the leasehold. That Shukert owns the fee is unquestioned. After he assumed to forfeit the lease, he took possession of the demised premises and of all the improvements made by Hanson and Harte, and ever since has used both estates as his own property. He remodeled the improved building at a cost of $15,000, and leased different parts of it to different persons. He has not kept the estates separate, and for the purposes of the lien has merged the leasehold in the fee.

Another argument is directed to the point that an item of $395.20 for premiums on liability insurance was erroneously included in the decree. A mechanic's lien is a statutory one. The statute does not authorize a lien for liability insurance. Harte, therefore, is not entitled to a lien for this item. The case being here for trial *de novo*, the error will be corrected, but the correction will not be allowed to affect the costs, since it does not appear from the abstract that the objection now made was specifically directed to the attention of the trial court. The item for liability insurance is therefore stricken from the decree, and as thus modified it is affirmed.

AFFIRMED AS MODIFIED.

BARNES, FAWCETT and HAMER, JJ., not sitting.