### LOBSITZ v. E. LISSBERGER CO.   (No. 7584.)

(Supreme Court, Appellate Division, First Department.   July 9, 1915.)

1. JOINT ADVENTURES ⬤�longrightarrow1—PARTNERSHIP ⬤⟶349—LIMITED PARTNERSHIP.

Where plaintiff and defendant entered into an agreement to purchase and sell camel's hair stock, and were first to purchase a quantity to be received and disposed of for their joint account, and to share equally in the profits and losses, the goods to be stored in the name of the defendant, except a part in the name of the plaintiff, and carried out such agreement as to a quantity of goods, and, prior to the delivery of any of such quantity agreed to include another lot of another grade, to be bought, held, and disposed of as the first lot, each party to be interested in the account to the extent of an undivided one-half thereof, there was a "joint adventure," which is a limited partnership, not limited in the statutory sense as to liability, but as to scope and duration governed by the same rules as a partnership.

[Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. § 1; Dec. Dig. ⬤⟶1; Partnership, Cent. Dig. § 823; Dec. Dig. ⬤⟶349.

For other definitions, see Words and Phrases, First and Second Series, Joint Adventure.]

2. JOINT ADVENTURES ⬤⟶5—PARTNERSHIP ⬤⟶376—LIMITED PARTNERSHIP— SUIT FOR AN ACCOUNTING.

An action in equity for an accounting is an appropriate remedy against a party to a joint adventure, or limited partnership, who has realized profits and has refused to account.

[Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. § 7; Dec. Dig. ⬤⟶5; Partnership, Cent. Dig. §§ 862–865; Dec. Dig. ⬤⟶376.]

Appeal from Special Term, New York County.

Action by Maurice Lobsitz against the E. Lissberger Company. From an order sustaining a demurrer to a complaint, plaintiff appeals. Reversed, and demurrer overruled, with leave to defendant to withdraw demurrer and to answer.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

William O. Gennert, of New York City, for appellant.
Nathaniel A. Elsberg, of New York City, for respondent.

─────────

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SCOTT, J.   The complaint alleges that on or about October 31, 1914, plaintiff and defendant entered into a "partnership or joint adventure" to purchase and sell camel's hair stock; that it was agreed that they should purchase a quantity of the specified goods, to be received, held, and disposed of by the parties to this action for their joint account; that they should share equally in the profits and losses; and that the goods should be purchased and stored in the name of defendant, except 262 bales, which was to be stored in the name of plaintiff.   The complaint then goes on to state in detail the carrying out of this agreement as to 360 bales.   It is then alleged that prior to the delivery of any of the 360 bales—

"the plaintiff and defendant agreed that they would include in their joint adventure or partnership another lot of camel's hair stock of the class known in the trade as 'Grade A,' which said purchase was to be made in the same manner as the other said purchase, viz., in the name of the defendant to be received, held, and disposed of for the joint account of the plaintiff and defendant and stored in the defendant's name, the plaintiff and defendant to share equally in the profits and losses thereof, and each to be interested in said account to the extent of an undivided one-half thereof."

Then follow allegations tending to show that defendant purchased in his own name and for his own benefit, concealing the fact from the plaintiff, a considerable quantity of the specified goods which he has resold and as to which he has refused to account.   The prayer is the usual one for a dissolution of the partnership or joint adventure, an accounting, and judgment according to the outcome of the account.

[1] The complaint, as we consider, sufficiently alleges a joint adventure between the parties, a relation which has been defined as a "limited partnership, not limited in the statutory sense as to liability, but as to scope and duration, and under our law joint adventures and partnerships are governed by the same rules."   Ross v. Willet, 76 Hun, 211, 27 N. Y. Supp. 785.

[2] There being alleged a partnership as to the profits and losses, and a joint interest in the subject-matter of the adventure, an action in equity for an accounting is the appropriate remedy.   Whether or not the defendant is accountable for the profits, if any, realized upon the purchase and sale of the goods, as to which he had refused to account, will depend upon the proofs at the trial; but, if the facts be as alleged in the complaint, a clear case for an accounting as to these goods will apparently be made out.

The order appealed from must be reversed, with $10 costs and disbursements, and the demurrer overruled, with $10 costs, with leave to defendant to withdraw the demurrer and answer within 20 days, upon payment of costs in all courts.   All concur.