FRANCIS E. SUDDARD, Appellant, *v.* ELMETTA LEWIS, Respondent.

Third Department, December 28, 1916.

Real property — improvements made by vendee under parol contract of sale — when vendee may file mechanic's lien for value of improvements — consent of owner — equity.

Where the owner of land made a parol agreement to convey the same and allowed the vendee to go upon the lands and erect the foundation of a proposed building, but afterwards repudiated the void contract, the improvements may be considered to have been made with the consent of the owner under the Lien Law and the vendee is entitled to recover in an action to foreclose a mechanic's lien.

Under the circumstances it would be inequitable to allow the owner to have the benefits of the improvement without paying therefor.

Although the vendee could have maintained an equitable action for specific performance, he was not restricted to that remedy and may file a mechanic's lien for the value of the improvement.

APPEAL by the plaintiff, Francis E. Suddard, from a judgment of the County Court of the county of Washington in favor of the defendant, entered in the office of the clerk of said county on the 24th day of June, 1915, dismissing the complaint upon the report of a referee.

*Bratt & Van Wormer* [*Fred A. Bratt* of counsel], for the appellant.

*Newman E. Wait,* for the respondent.

KELLOGG, P. J.:

By a parol agreement the defendant, who was the owner of a village lot, agreed to sell it to the plaintiff for seventy dollars and to deed him the property as soon as her deed came back from the county clerk's office, and it was agreed that the

plaintiff should have the privilege to go on the lot and build a cellar wall and foundation at once and before the deed was made. Plaintiff entered upon the lot, built the cellar wall and foundation, which cost one hundred and ten dollars and fifty cents in work and material, and thereupon the defendant repudiated the contract and refused to convey the premises or pay the plaintiff for such improvements. Plaintiff filed a mechanic's lien for the material and work, and in this action to foreclose the lien it has been determined that he has no lien as the improvements were not with the consent of the owner.

It is inequitable that the defendant may have the benefit of the improvements without paying therefor. At the time the agreement was made she either intended to carry it out or to repudiate it and get the benefit of the improvements. There is nothing to indicate what, if anything, caused her to change her mind and repudiate the agreement after it was made. The plaintiff clearly contemplated that he was making the improvements for his own benefit and very probably the defendant contemplated that the improvements were being made for her benefit.

There can be no quarrel with the cases which hold that where a purchaser upon an executory contract of sale has the right to enter into possession and make improvements before conveyance, and fails to perform the contract upon his part, that the vendor cannot be charged with the value of improvements made by or for the vendee under such circumstances, and in that manner be improved out of his property. This is not such a case. The parol agreement when made was void under the Statute of Frauds, and if the defendant did not carry it out the improvements as matter of law would be for her benefit. Her consent, therefore, that the plaintiff might enter into possession and make the improvements, followed by her refusal to carry out the agreement and convey the premises may well be considered a consent under the Lien Law that the improvements be made. The parol agreement and its breach by the defendant are only important to show that the improvements were made upon her land with her consent and for her benefit. She cannot repudiate the agreement and then claim that the plaintiff, as owner, made the improvements upon her land for

his benefit.    By repudiating the agreement she elects to appropriate the improvements and to treat them as made upon her land with her consent and for her benefit.    Perhaps the easier remedy for the plaintiff would have been an equitable action to compel a specific performance of the contract, but his failure to resort to that remedy ought not to prejudice him here. Presumably the value of the premises has been increased by the cost of the improvements.    No injustice is done the defendant, equity is satisfied and the law is not strained by holding that the defendant so far consented to the improvements that the plaintiff has a valid lien upon the premises therefor.

The judgment should, therefore, be reversed upon the law and the facts, with costs, and judgment directed for the plaintiff adjudging the validity of such lien and providing for its foreclosure, with costs.

All concurred.

Judgment and order reversed on law and facts, with costs, and judgment directed for plaintiff adjudging the validity of such lien and providing for its foreclosure, with costs.    The court disapproves of the findings of fact numbered three, four and five.