BOISE PAYETTE LUMBER COMPANY, a Corporation, Appellant, v. ANNA C. BICKEL and PAUL S. A. BICKEL, Wife and Husband; IDAHO GAME BREEDERS ASSOCIATION, a Corporation; BUD GRIFFEN; FEDERAL LAND BANK OF SPOKANE, WASHINGTON, a Corporation, Respondents.

[245 Pac. 92.]

MATERIALMAN'S LIEN — LIEN FOR MATERIALS FURNISHED TO LICENSEE OF LAND OWNER.

1. Finding by jury and court, sustained by ample evidence, will not be disturbed on appeal.

2. In action to foreclose materialman's lien, evidence *held* to sustain finding that owners did not cause construction of improvements for which lien was claimed, so as to subject lands to lien under C. S., sec. 7344.

3. Where one not in possession of land was permitted to build structures under license from option holders, consented to by owners, the rule that one encouraging act to be done cannot afterwards exercise his legal right in opposition to such consent, if other party was induced to change position to his pecuniary prejudice, cannot be invoked so as to create materialman's lien on land, since there was no fraud, actual or constructive, by legal owners.

4. One furnishing materials to person constructing buildings on land owned by another was bound to take notice of owner's record title relative to right of materialman's lien.

5. Findings and decree of trial court that materialman furnishing materials to one for construction on land belonging to another was entitled to judgment against one to whom materials were furnished, and denying lien against land, *held* sustained by evidence.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. H. F. Ensign, Judge.

Action to foreclose materialman's lien. Judgment declaring lienor entitled to proceeds from sale of personal property and denying lien on real property. *Affirmed.*

Bothwell & Chapman, for Appellant.

The building material was furnished by appellant at the instance of the respondents Bickel, and their lands are subject to a lien therefor. (C. S., secs. 7339, 7344; *Hill v. Twin Falls Salmon River Land & Water Co.,* 22 Ida. 274, 125 Pac. 204; *Steltz v. The Armory Company, Ltd.,* 15 Ida.

Publisher's Note.

1. See 2 R. C. L. 193, 202.
3. See 18 R. C. L. 895.

See Appeal and Error, 4 C. J., sec. 2852, p. 876, n. 71.
Mechanics' Liens, 40 C. J., sec. 78, p. 95, n. 98, 99; sec. 79, p. 95, n. 7; sec. 102, p. 108, n. 12, 13; sec. 676, p. 469, n. 46; sec. 681, p. 471, n. 72; p. 472, n. 78, 79.

551, 99 Pac. 98, 20 L. R. A., N. S., 872; *Weeter Lumber Co. v. Fales,* 20 Ida. 255, Ann. Cas. 1913A, 403, 118 Pac. 289; *McGill v. McAdoo,* 35 Ida. 283, 206 Pac. 1057; *Eberle v. Drennan,* 40 Okl. 59, 136 Pac. 162, 51 L. R. A., N. S., 68; *Beach v. Huntsman,* 42 Ind. App. 205, 85 N. E. 523; *Boyer v. Keller,* 258 Ill. 106, Ann. Cas. 1916B, 628, 101 N. E. 237; *Hydraulic Press Brick Co. v. Winn Constructing Co.* (Mo. App.), 219 S. W. 681; *Love Bros. v. Murdis,* 189 Iowa, 350, 176 N. W. 616; *City Lumber Co. v. Brown,* 46 Cal. App. 603, 189 Pac. 830; *Myers v. Strowbridge Estate Co.,* 82 Or. 29, 160 Pac. 135; *Suddard v. Lewis,* 175 App. Div. 749, 162 N. Y. Supp. 493; *Vickery v. Richardson,* 189 Mass. 53, 75 N. E. 136.)

The lien of the appellant for material furnished in the construction of such improvements attaches to and binds the interests of the respondents Bickel in and to such lands even though the respondent, Idaho Game Breeders Association, a corporation, thereafter forfeited and failed to complete its contract. (*Williamson v. Shank,* 41 Ind. App. 513, 83 N. E. 641; *Independent Meat Co. v. Crane Co.,* 21 Ariz. 1, 184 Pac. 992; *McGinn v. Pritchard,* 32 Cal. App. 75, 161 Pac. 1171; *Gebhard v. Short,* 10 Del. 353, 92 Atl. 253; *Miller v. Mead,* 127 N. Y. 544, 28 N. E. 387, 13 L. R. A. 701; *Bermingham v. Gill,* 164 Ill. App. 536.)

The respondents Bickel and Idaho Game Breeders Association in the improvement of this property, for which appellant furnished material, were engaged in a joint enterprise, since the property could not be used for the purpose of such joint enterprise without the making of these extensive improvements and alterations thereon, which the Bickels authorized, consented to and of which they had actual and active knowledge. It follows that their interest in and to this real estate is subject to appellant's lien. (*Brown v. Walker,* 100 Kan. 542, 164 Pac. 1092; *Harte v. Shukert,* 94 Neb. 210, 142 N. W. 517; *Jackson v. Hooper,* 76 N. J. Eq. 185, 74 Atl. 130; *Jones v. Walker,* 51 Misc. Rep. 624, 101 N. Y. Supp. 22, 23; *Rice v. Peters,* 128 App. Div.

776, 113 N. Y. Supp. 40; *Voegtlin v. Bowdoin*, 54 Misc. Rep. 254, 104 N. Y. Supp. 394.)

S. T. Hamilton, for Respondents, files no brief.

VARIAN, District Judge.—Appellant, plaintiff in the court below, brought this action to foreclose a materialman's lien for certain lumber and material furnished by it. Twenty-one interrogatories submitted to the jury were answered favorably to the contentions of respondents. The court made findings of fact and conclusions of law, treating the jury's action as advisory merely.

The court found that on or about February 11, 1920, appellant and respondent Idaho Game Breeders Association entered into an agreement, which was known to Anna C. and Paul S. A. Bickel, whereby appellant agreed to furnish said respondent association material for the erection of a certain incubator-house, poultry pens and houses, fence and game pens, for game-breeding purposes, for which said material respondent association agreed to pay appellant the sum of $2,831.45 within thirty days after the last of said material was furnished; that said material was furnished and no part of said sum has been paid except the sum of $13.35; that the land upon which said improvements were made, during all of the times said material was furnished, was the community property of the respondents Anna C. and Paul S. A. Bickel, who were the owners and reputed owners thereof, and stood on the records in the name of Anna C. Bickel; that respondent Paul S. A. Bickel, during all of said times, was a director of respondent Idaho Game Breeders Association, and was instrumental in the employment of one Hulit by said association; that said Bickel during said times and prior thereto desired to sell said real property, including the entire Bickel ranch of about 360 acres, to respondent association, and that it was understood by said respondent Bickel that such sale depended upon the successful operation of respondent association and in influencing the public to become owners of the stock of said association; that the respondent Anna C. Bickel was present and residing upon the real property be-

fore mentioned at the time the first material was furnished by appellant, knew the purposes for which said material was furnished and knew that if the association should be successful the property would be sold at a price satisfactory to herself and husband; that during the time the material was being furnished, respondent Paul S. A. Bickel also knew it was being furnished and expected, if the association was successful in interesting the public in the propagation of game in this state, that the said real property would be purchased by the association.

The court further found that the material was furnished for the purpose of propagation of game on the real property belonging to the Bickels and that appellant began to furnish material for said structures on February 11, 1920, and continued to furnish said material up to and including April 30, 1920, the date on which the last of said material was furnished and appellant completed its contract. The court further found that notice of claim of lien was filed within the time limited by statute and duly recorded; that respondent Idaho Game Breeders Association had no property, right, title, estate or interest in or to the real property on which said structures were situate other than the permission of said respondents Bickel to construct said improvements and structures on said real property; that all of the lands described in the court's findings are necessary for the convenient use and occupation of the said improvements, and that said improvements and structures built on the real property described in the findings are practically valueless and useless for any other purpose than that for which they were constructed and as they now are on the premises so constructed; that the first material furnished was hauled upon the premises by an employee of respondents Bickel with a team and wagon belonging to them, and with their consent and approval.

As conclusions of law the trial court found appellant was entitled to judgment against the Idaho Game Breeders Association for the amount found due, with attorney fees and costs, to be a lien upon all the right, title and interest of said association in and to the real property described in

the findings and the structures constructed and material furnished by plaintiff on said real property, and that no judgment be entered against either of respondents Bickel.

Decree was entered decreeing a sale of the structures erected by respondent association for the payment of appellant's claim against the association, and that appellant have execution against said association for any deficiency, and that appellant have no lien against any of the real property described and found to be owned by respondents Bickel. The real property involved is referred to as the Bickel ranch and consists of about 360 acres of land, not all of which was under cultivation. The pens, fences, etc., erected by respondent association covered an area of about three acres.

The issues here relate to the failure of the trial court to award a lien to appellants against the lands of the Bickels.

[1] Appellant contends that the evidence discloses that Clark Bickel, a son of Anna C. and Paul S. A. Bickel, who resided with his mother on the real property in question, and was just under twenty-one years of age at the time the material was furnished, was their agent and authorized to make a contract with appellant for the material furnished by it. The jury and the court both found against this contention, and as there is ample evidence to sustain it the finding will not be disturbed.

It is urged that the Idaho Game Breeders Association went on to the real property of the Bickels pursuant to an understanding that if the project were successful the association would purchase the property at a satisfactory price; that it went into possession of this property under an arrangement with the owners thereof which contemplated the construction of the improvements involved in this action, and, as a consequence the lien attaches to the interests of the respondents Bickel in such lands, even though the association thereafter failed to complete and forfeited its contract. The evidence shows that there were some preliminary negotiations between Paul S. A. Bickel and the manager of the Idaho Game Breeders Association looking to a purchase of the Bickel lands by the association. It

also appears that at that time an option in writing on the lands was held by third parties (Perrine and Blanchard), and that such option did not expire until May 1, 1920, after all of the material involved here had been furnished. There was, in fact, never any contract entered into, oral or otherwise, between the Bickels and the Idaho Game Breeders Association, so far as the record discloses. Respondent Paul S. A. Bickel, according to the record, recognized the rights of the persons holding the option on the premises and refused permission to A. B. Hulit to build on the premises on account of the option. Later Hulit said he had the permission of Perrine and Blanchard to erect the structures and was permitted to proceed.

C. S., sec. 7344, defines what lands are subject to lien, as follows:

"The land upon which any building, improvement or structure is constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof, to be determined by the court on rendering judgment, is also subject to lien, if, at the commencement of the work or of the furnishing of the material for the same, the land belonged to the person who caused said building, improvement or structure to be constructed, altered or repaired, but if such person owns less than a fee simple estate in such land, then only his interest therein is subject to such lien."

[2] The court in effect found that respondent Idaho Game Breeders Association "caused" the improvements here to be constructed and that the Bickels did not cause the construction, and that they were the owners in fee of the lands on which the improvements were erected. We are of the opinion that the evidence sustains this view.

It is also contended that the respondents Anna C. Bickel, Paul S. A. Bickel, her husband, and the Idaho Game Breeders Association were engaged in a joint enterprise in the erection of the improvements for which appellant furnished the material, since the property could not be used for the purpose of such joint enterprise without making these extensive improvements and alterations thereon, which it is

claimed the Bickels authorized, consented to, and of which they had actual knowledge, and that therefore the real estate is subject to the real estate lien.

The Idaho Game Breeders Association was not in possession of any portion of the Bickel ranch under contract, but was merely permitted to build its structures under license from the option holders, consented to by the Bickels. True, Paul S. A. Bickel was a stockholder in the association and both he and his wife hoped eventually to sell their entire holdings to it, but there was no contract nor any definite arrangement to that effect.

In the cases cited by appellant a definite understanding or agreement existed between the owner of the property and the person who contracted for the improvements to the effect that they would jointly own the completed structure and the land on which it was situate (*City Lbr. Co. v. Brown*, 46 Cal. App. 603, 189 Pac. 830, 833 et seq.), or there was a parol agreement to sell which was repudiated by the owner after the improvements were made on the faith of the agreement (*Suddard v. Lewis*, 175 App. Div. 749, 162 N. Y. Supp. 493) ; or where under a lease contract between the owner and his tenant the latter was authorized to make permanent improvements on the property, in which case a lien would attach for the value of the improvements made at the order of the tenant who thus acted as the agent of the owner (*Boyer v. Keller*, 258 Ill. 106, Ann. Cas. 1916B, 628, 101 N. E. 237; *Brown v. Walker*, 100 Kan. 542, 164 Pac. 1092; *Harte v. Shukert*, 94 Neb. 210, 142 N. W. 517). In other cases cited on this point mechanics' lien laws were not involved. They hold in effect that where the record shows the parties were to share in the profits of an enterprise, whether there is an express agreement or not, the situation creates a joint adventure and the parties are liable to each other as partners. (*Jackson v. Hooper*, 76 N. J. Eq. 185, 74 Atl. 130; *Ross v. Willett*, 76 Hun, 211, 27 N. Y. Supp. 785; *Jones v. Walker*, 51 Misc. Rep. 624, 101 N. Y. Supp. 22; *Rice v. Peters*, 128 App. Div. 776, 113 N. Y. Supp. 40; *Voegtlin v. Bowdoin*, 54 Misc. Rep. 254, 104 N. Y. Supp. 394.)

[3] The rule that "one who tacitly encourages an act

to be done cannot afterwards exercise his legal right in opposition to such consent, if his conduct or acts of encouragement induced the other party to change his position so that he will be pecuniarily prejudiced by assertion of such adversary claim,'' cannot be invoked here, since there is no fraud, actual or constructive, charged against the legal owners of the land. (*City Lbr. Co. v. Brown, supra.*)

The record shows that appellant's agents knew that the land was owned by the Bickels and that they charged the several items of material on its books of account to the respondent Idaho Game Breeders Association and not to the Bickels. The names of the president and manager of the association were also written at the head of the account, tending to show that appellant was looking to the respondent association alone for payment for the material furnished. If appellant had deemed Clark Bickel, or his father, or his mother were acting as agent for the Idaho Game Breeders Association, the name of such agent would have been written at the head of the account along with those of Hulit, the manager, and J. H. Richards, president of said respondent association; nor was any charge made to the personal account of Paul S. A. Bickel for the cost of the material, although the record shows that other material furnished for the Bickel ranch was charged to said personal account.

[4] Mrs. Bickel and her husband at all times remained in the actual possession of their ranch, a very small portion of which was occupied by the Idaho Game Breeders Association. Their title was of record, of which appellant was bound to take notice.

[5] We have examined the other assignments of error and conclude that the findings and decree of the court below are sustained by the evidence.

Affirmed. Costs to respondents.

William A. Lee, C. J., and Wm. E. Lee and Taylor, JJ., concur.