(No. 4455. March 28, 1927.)

ROY PARKER and W. C. BOSLEY, Respondents; JOSEPH A. RIVETT, Respondent, v. NORTHWEST-ERN INVESTMENT COMPANY, a Corporation, F. C. McGOWAN, Receiver of the said NORTHWESTERN INVESTMENT COMPANY, FRANCES A. PLEAS-ANTS and WILLIAM A. PLEASANTS, Wife and Husband, MAUD HENRY and A. M. HENRY, Wife and Husband, G. R. WALKER, MRS. C. P. LANGE, THOMAS LEWIS and CARL G. FRIEDEL, Appellants.

[255 Pac. 307.]

MECHANICS' LIENS — RIGHT TO LIEN — AGREEMENT WITH CONTRACT HOLDER — REPUTED OWNER OF CITY LOT — CREATION OF LIEN — OWNER'S PERMISSION OR KNOWLEDGE OF GRADING STREETS—EFFECT.

1. Persons grading and leveling streets of land which had been platted into lots and blocks in accordance with agreement with one holding a contract for purchase thereof *held* not entitled to liens on lands, under C. S., sec. 7343.

2. The reputed owner of property, as such, has no right to do anything which would give a lien on the premises, under

C. S., sec. 7343, authorizing lien for improving lot in any incorporated city or town at request of owner.

3. Owner's permission or knowledge that grading or leveling of streets of land platted into lots and blocks was being done *held* insufficient to bind owner's interest in land, under C. S., sec. 7343, authorizing lien for such improvement, when done at owner's request.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County.  Hon. Ed. L. Bryan, Judge.

Action upon lien claims.  Judgment for respondents. *Reversed.*

D. L. Rhodes, for Appellants Pleasants.

Where there is no privity of contract between the legal owner and the lien claimants there can be no personal judgment against such owner. (*Gnekow v. Confer*, 5 Cal. Unrep. 654, 48 Pac. 331; *McMenomy v. White*, 115 Cal. 339, 47 Pac. 109; *Southern California Lumber Co. v. Schmitt*, 74 Cal. 625, 16 Pac. 516; *Hume v. Robinson*, 23 Colo. 359, 47 Pac. 271; *Farrell v. Lafayette Lumber Co.*, 12 Ind. App. 326, 40 N. E. 25; *Volker-Scowcroft Lbr. Co. v. Vance*, 36 Utah, 348, Ann. Cas. 1912A, 124, 103 Pac. 970, 24 L. R. A., N. S., 321; *Whalen v. Eagle Lime Products Co.*, 155 Wis. 26, 143 N. W. 689; *Valley Lumber & Mfg. Co. v. Nickerson*, 13 Ida. 682, 93 Pac. 24.)

A party in possession of property under a contract to purchase cannot subject the interest of the owner to a mechanic's lien or for work or labor or improvements made

Publisher's Note.

2. Scope and import of term "owner" in mechanic's lien statutes, see note in 2 **A. L. R.** 794.

3. Knowledge of owner of improvements or repairs, intended or in process, as "consent" which will subject his interest to mechanics' liens, see note in 4 **A. L. R.** 685.

See Mechanics' Liens, 40 **C. J.**, sec. 73, p. 90, n. 31; sec. 109, p. 111, n. 70; sec. 111, p. 111, n. 82; sec. 112, p. 113, n. 1, 97; sec. 119, p. 117, n. 77.

thereon, even though the contract of purchase provides that improvements shall be made which are beneficial to the property. (*Steel v. Argentine Min. Co.*, 4 Ida. 505, 95 Am. St. 144, 42 Pac. 585; *Block v. Murray*, 12 Mont. 545, 31 Pac. 550; *Northwest Bridge Co. v. Tacoma Shipbuilding Co.*, 36 Wash. 333, 78 Pac. 996; *Iliff v. Forssell*, 7 Wash. 225, 34 Pac. 928; *Bremen v. Foreman*, 1 Ariz. 413, 25 Pac. 539.)

A purchaser under contract in possession but without title cannot subject the interest of the seller to liens for improvements made by the purchaser; but his interest alone is liable for such liens. (C. S., sec. 7344; *Johnson v. Badger Lumber Co.*, 8 Kan. App. 580, 55 Pac. 517; *Gett v. Friend*, 46 Kan. 24, 26 Pac. 473; *Chicago Lbr. Co. v. Schweiter*, 45 Kan. 207, 25 Pac. 592; *Mutual Aid Building & Loan Co. v. Gashe*, 56 Ohio, 273, 46 N. E. 985; *Nelson-Bennett Co. v. Twin Falls L. & W. Co.*, 14 Ida. 5, 93 Pac. 789; *Naylor & Norlin v. Lewiston Ry. Co.*, 14 Ida. 789, 96 Pac. 573.)

In order for property to be encumbered with the lien the work must have been done at the request of the owner; a mere desire on his part is not sufficient. (*McCray v. Wotkyns*, 41 Cal. App. 449, 182 Pac. 972.)

A. L. Anderson and F. A. Hagelin, for Respondents.

Upon the record in the cases at bar and the authorities applicable thereto, the respondents are entitled to a lien on the lands in question. (C. S., sec. 4087, 7339, 7343; *Shaw v. Johnston*, 17 Ida. 676, 107 Pac. 399; *Hill v. Twin Falls etc. Water Co.*, 22 Ida. 274, 125 Pac. 204; *Van Stone v. Stillwell & Bierce Mfg. Co.*, 142 U. S. 128, 12 Sup. Ct. 181, 35 L. ed. 961; *Perrault v. Shaw*, 69 N. H. 180, 76 Am. St. 160, 38 Atl. 724; *Mallory v. La Crosse Abbatoir Co.*, 80 Wis. 170, 49 N. W. 1071; *Miller v. Mead*, 53 Hun (N. Y.), 636, 6 N. Y. Supp. 273; affirmed, 127 N. Y. 544, 28 N. E. 387, 13 L. R. A. 701; *Ottiwell v. Muxlow*, 15 Daly (N. Y.), 308, 6 N. Y. Supp. 518; *Husted v. Mathes*, 77 N. Y. 388; 2 Jones on Liens, pp. 444, 447, 448, 450.)

GIVENS, J.—Appellants Pleasants, husband and wife, were the owners of certain land which they contracted to sell to the appellant Northwestern Investment Company under an escrow agreement. Roy Parker and W. C. Bosley, respondents, after consulting with Mr. Pleasants as to the standing of the Northwestern Investment Company, entered into a contract with the Northwestern Investment Company for grading and leveling the streets of the land sold by the Pleasants to the Northwestern Investment Company which had been platted into lots and blocks. Respondent, Joseph A. Rivett, was employed by Parker and Bosley to do some of the grading and leveling. Rivett not being paid, within the time allowed by law, filed his claim of lien against the land and commenced foreclosure. Parker and Bosley were thereafter notified to quit the job and filed their claims of lien and commenced foreclosure. The Pleasants alone appeared and demurred to the Parker-Bosley complaint and thereafter answered to both complaints. The actions were consolidated and tried by the court without a jury and judgment was rendered in favor of respondents in both actions and this appeal taken.

[1] The main question involved is whether respondents were entitled to liens upon the lands, superior to and enforceable against the rights of appellants.

It is appellants' contention under C. S., sec. 7343 (providing that any person who, at the request of the owner of any lot in any incorporated city or town, grades, fills in or otherwise improves the same, or the street in front of or adjoining the same has a lien on such lot for the work done or material furnished), since appellants hold the record title and the Northwestern Investment Company had only a contract for the purchase of the land and respondents performed the work at the request of the Northwestern Investment Company, that respondents are not entitled to liens against appellants because it was not shown that appellants requested them to do the work.

Paragraph four of the contract between the Pleasants and the Northwestern Investment Company, covering the work which was done by the respondents, provided as follows:

"The party of the second part declares its intention to place the lots represented by said plat on sale under certain restrictions and under contracts of sale providing for certain improvements, of not less than $20,000 on the project, the character of which shall be later determined by it. The parties of the first part represent that they own certain other contiguous ground now platted into lots and blocks, and agree that the lots therein shall not be sold by them except as subject to the same building restrictions, and restrictions as to negroes, chinamen, etc., as used by the party of the second part in selling its lots, and also that they will not sell their lots at less than $400 for a 50 foot front exclusive of improvements, during the time that the second parties are engaged in selling its lots or collecting therefor, or for a period of three years."

C. S., sec. 7343, provides that to authorize a lien, the work must have been done at the request of the owner. The complaint alleged in paragraph 7 that:

"That at the date of said agreement and during the time said work was performed, the said defendants, Frances A. Pleasants and William A. Pleasants, were the persons in whose name the record title to said property was vested, and that the said Frances A. Pleasants and William A. Pleasants, had contracted and agreed to sell said premises to the said defendant, Northwestern Investment Company, and in said agreement had consented and agreed that said work and labor might be performed as aforesaid, and in said contract authorized the said Northwestern Investment Company to have the said streets leveled and improved as aforesaid; that during said time the said Northwestern Investment Company was the owner and reputed owner of said premises and caused said work and labor to be performed as aforesaid."

[2] It was not disputed that the title to the property was in the Pleasants and that they had agreed to sell the premises to the Northwestern Investment Company and that

they had consented, as appears in paragraph four of the contract, that improvements might be placed upon the land. The nature of the improvements was not stated in the contract and it was expressly reserved that the Northwestern Investment Company should later determine what they should be. Likewise, there is no question that the Northwestern Investment Company was not the owner of the land, no payments excepting the initial ·payment having been made by it, and even if it had been the reputed owner that would not avail respondent, because the reputed owner, as such, would have no right to do anything which would give a lien upon the premises. (*Santa Cruz Rock Pavement Co. v. Lyon*, 117 Cal. 212, 54 Am. St. 174, 48 Pac. 1097.)

If by the word "authorized" in paragraph seven of the complaint the pleader meant that the Northwestern Investment Company was the agent of appellants to do the work or that the Northwestern Investment Company was obligated to do this work, such meaning is contrary to the terms and nature of the contract which was one of sale, and the contract itself did not provide specifically that the improvements would be made by the Northwestern Investment Company, it being stated that the Northwestern Investment Company declared its intention to place the lots on sale under certain restrictions, presumably from the context, building or residence restrictions, and under "contracts of sale providing for certain improvements, of not less than $20,000 on the project." The language used is not free from doubt as to whether these improvements were to be made by the Northwestern Investment Company, or by the purchasers of the individual lots. Granting that these improvements were to be made by the Northwestern Investment Company, it was not obligated so to do; it merely expressed its intention to do so, from the context of the contract having appellants' permission. No time limit was specified within which these improvements should be made and their nature was left entirely to the discretion of the Northwestern Investment Company.

The contention that these improvements furnished the consideration for the stipulation by appellants that they would observe the same building and sale restrictions in disposing of their property which lay adjacent to that sold to the Northwestern Investment Company is not tenable, because if the Northwestern Investment Company had made its payments to appellants and had sold no lots or made no improvements there would have been no obligation resting upon it to make the improvements mentioned nor could appellants have forced the Northwestern Investment Company to make such improvements.

The complaint does not allege that the improvements made were of any value to appellants nor does it allege that they are estopped to resist the imposition of a lien upon their property. Numerous authorities may be found which hold that where the owner has consented to the construction of improvements the owner will be bound. It will be found, however, that such cases are based upon a statute different from ours and where *request or permission* is sufficient to give rise to a lien.

There was in the contract no element of a joint venture nor is any such allegation made in the complaint and the court makes no finding that the appellants, who clearly were the owners of the land, requested that the work be done. While it might be argued that the consultation between Roy Parker, W. C. Bosley and William A. Pleasants, the latter being one of the appellants, amounted to a request, the court does not so find, and furthermore it would not appear that the testimony referred to would afford the basis of any such finding or conclusion, the inquiry being in regard to the financial standing of the Northwestern Investment Company and where some of the dirt could be disposed of and not whether Pleasants was ordering that the work be done.

In *Boise-Payette Lumber Co. v. Bickel,* 42 Ida. 245, 252, 45 A. L. R. 575, 245 Pac. 92, the court makes a point that there was no contract or any definite agreement of sale and then distinguishes various cases cited, on three grounds; first, in connection with *City Lumber Co. v. Brown,* 46 Cal.

App. 630, 189 Pac. 830, that the venture was joint. With regard to *Stoddard v. Lewis*, 175 App. Div. 749, 162 N. Y. Supp. 493, that the contract was repudiated by the vendor, and, third, that the work was done under a lease authorizing the making of improvements wherein the tenant acted as agent of the owner. The other cases mentioned involved joint ventures. This case, therefore, is not in conflict with the conclusion herein.

This was not a joint venture so far as the land contracted to be sold to the Northwestern Investment Company was concerned, which is the only land sought to be made subject to the liens, and it does not seem that it was a joint venture at all.

*Shaw v. Johnson*, 17 Ida. 676, 107 Pac. 399, merely holds that the contractor who performs work for the owner is thereby the agent of the owner. There was, in the instant case, no contract whereby the Northwestern Investment Company was to do any work for the appellants. The work which the Northwestern Investment Company was doing was for itself, and while it is clear that the work was done with the consent of appellants it does not thereby follow that it was at their request, nor is there any allegation that it was for their benefit or that they were thereby benefited.

An exhaustive annotation following *Roxbury Painting & Decorating Co. v. Nute*, 233 Mass. 112, 4 A. L. R. 680, at 685 et seq., 123 N. E. 391, shows that there is a clear line of demarcation between the cases construing statutes giving liens on the interest of the one "causing" the improvements to be made and those "requesting" the improvements to be made and those "knowingly permitting" the improvements to be made.

[3] Bearing in mind that in this state the improvement must have been "requested" by the owner of the land it does not appear that permission or knowledge that the work is being done is sufficient to bind the owner's interest in the land. (40 C. J., sec. 112, p. 113.) For the above reason many of the cases cited by respondents are not in point, they being based upon consent or acquiescence.

The judgment is ordered reversed and costs awarded to appellant.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.