ALEXANDER McLEAN, ADMINISTRATOR, ETC., OF JOHN FAHERTY, DECEASED, RESPONDENT, *v.* THE SCHUYLER STEAM TOW-BOAT LINE, APPELLANT.

*A party attempting to relieve himself from an injury, occasioned by the negligence of another person, is bound to use ordinary care not to unnecessarily injure the latter's property.*

On the night of the 8th of June, 1886, a schooner, which was owned by Faherty, the plaintiff's intestate, was floating down the Hudson river on an ebb-tide laden with a cargo of brick.   The defendant's steamboat, the Connecticut, was at the same time towing a fleet of sixty canal-boats down the river, the steamboat being 50 ) feet in advance of the fleet, which was connected with it by four hawsers; two steam tugs of the defendant accompanied the steamboat.

In consequence of the negligence of the owner of the schooner, who was also its captain, the schooner was caught and thrown upon one of the hawsers joining the fleet to the steamboat, and was carried in this position along with the tow for about two miles.   The captain of the steamboat then sent one of his tugs with orders to get the schooner off the hawsers as soon as possible, and in doing

this the rudder and also some of the planks were torn off of the schooner, which soon thereafter sank.

Upon an appeal from a judgment in favor of the plaintiff's intestate, entered upon the report of a referee in an action brought by the plaintiff's intestate to recover damages alleged to have been occasioned by the defendant's negligence:

*Held,* that as the negligence of the plaintiff's intestate caused the schooner to be thrown upon the defendant's hawsers, the duty of extraordinary diligence in getting off the hawsers was imposed upon him.

That it was the defendant's duty to use only ordinary care not to do unnecessary injury to the schooner in getting her off the hawser.

The referee found that the captain of the steamboat, after being told that the hawser was between the stern-post and rudder, proceeded to pull her off.

*Held,* that as it was obvious that without removing the hawser from that position the stern-post must be torn off and the schooner otherwise injured, that the captain did not use ordinary care to avoid doing unnecessary injury to the schooner.

APPEAL from a judgment, entered in favor of the plaintiff, upon the report of a referee, in the office of the clerk of Albany county, on July 28, 1888.

Faherty owned and was captain of a schooner on the Hudson river. On the night of the 8th of June, 1886, when there was no wind, she was floating down the river on an ebb tide laden with a cargo of brick. She had the usual red and green lights upon her port and starboard sides. These were not visible from her rear. She was about 150 feet from the west shore. The moon was about two hours and three-quarters high, and the schooner was in the shadow of the hills on the west bank of the river.

The defendant's steamboat, the "Connecticut," was, at the same time, towing a fleet of sixty canal boats down the river. The steamboat was 500 feet in advance of the fleet and four hawsers connected the steamboat and fleet. Two steam tugs of defendant accompanied the steamboat. Faherty saw the steamboat when she was two miles away. It was his duty then to show a lighted torch upon the point or quarter of his schooner towards which the steamboat was approaching. (U. S. R. S., § 4234.) This he did not do. The result was the shooner was not seen from the Connecticut until she came abreast of the schooner. The river makes a sharp turn at West Point, and it was obvious that the schooner would be caught in the loop to be formed by the steamboat and fleet in rounding the turn. The schooner was so caught and was thrown upon one of the hawsers joining the fleet to the steamboat.

The referee finds that the schooner became thus entangled in consequence of the negligence of her owner and master, the plaintiff's intestate. While in this position she was carried along with the tow for about two miles. The captain of the steamboat then sent one of his tugs with orders to get the schooner off the hawser as soon as possible. In doing this the rudder of the schooner was torn off, also some of her planks, and she soon sank.

*Worthington Frothingham*, for the appellant.

*E. Countryman*, for the respondent.

LANDON, J.:

The plaintiff's negligence caused his schooner to be thrown upon the defendant's hawser, with which defendant, by means of the steamboat Connecticut, was towing a fleet of canal boats down the river. The schooner was between the canal boats and the defendant's steamboat. It was plaintiff's duty to be extraordinarily diligent in getting off the hawser. It was defendant's duty to use ordinary care to do no unnecessary injury to the schooner in assisting in getting her off the hawser. (*Mark* v. *Hudson River Bridge Co.*, 103 N. Y., 28.)

Upon the facts found by the referee, the defendant did not use ordinary care to avoid doing unnecessary injury to the schooner, but proceeded to pull her off after being told that the hawser was between the stern-post and the rudder, and when it was obvious that without removing the hawser from that position the stern-post would be torn off and the schooner otherwise injured. The finding of the referee is within the evidence, and we see no reason to dissent from it. The negligence of the plaintiff by which his schooner fell into this place of danger, and became a nuisance to the defendant, was not the proximate cause of the injury to the schooner. That was caused by the defendant's reckless disregard of the consequences of proceeding to pull the schooner off the hawser without taking the precautions known to be necessary in order to avoid doing her unnecessary injury. True, the referee finds that the schooner's condition was "desperate" when lying on the hawser between the fleet of canal boats and the steamboat propelling them. But that desperate condition consisted in the plaintiff's inability to extricate

his schooner without the proper precaution and assistance on the part of the men in charge of the steamboat. The proper things to do were suggested by the plaintiff; they would involve a small delay on the part of the defendant; this delay was refused and the defendant pulled off the schooner in reckless disregard of the consequences reasonably to be apprehended, and which, with ordinary care, might have been avoided.

The objection to the question put by the defendant to the captain of the steamboat, whether, in his opinion, anything could have been done by him or his steamboat better than was done, was properly sustained. The negligence charged against the defendant consisted of the simple act of pulling the schooner off the hawser under such conditions as must tear the rudder from the schooner. No expert knowledge was needed to understand so simple a situation and its consequences, and the substitution of an opinion for the facts would manifestly be improper.

The judgment should be affirmed, with costs.

LEARNED, P. J., and INGALLS, J., concurred.

Judgment affirmed, with costs.