(33 Misc. Rep. 89.)

## HEAD v. KING.

(Supreme Court, Appellate Term.   November 27, 1900.)

PARTNERSHIP—DISSOLUTION—AMOUNT DUE—LIQUIDATED—ACTION AT LAW.

> Where a partnership was terminated by plaintiff within the time prescribed by the agreement, which provided that during that time he was not to be liable for any debts incurred in the business, and was to have one-half the profits, guarantied by defendant to be not less chan a specified amount per week, and on dissolution be repaid a certain amount paid in by him, he could maintain an action at law against his co-partner to recover the specified amount paid by him, and the minimum amount of profits per week remaining unpaid, since the exact minimum sum which plaintiff was to receive on dissolution, and which was subject to no diminution, having been determined by the parties, no accounting was necessary.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by Isaac W. Head against Frederick T. King.   From a judgment for defendant, plaintiff appeals.   Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Joseph R. Swan, for appellant.

Benjamin F. Spellman, for respondent.

BEEKMAN, P. J.   The parties to this action entered into a contract on the 1st day of May, 1900, by which, after reciting that the defendant was the owner of a business for operating a gymnasium and school of physical culture, and that the plaintiff was desirous of becoming associated with him as a co-partner in the ownership and management of said business, it was agreed that the plaintiff should, immediately upon the execution of the paper, pay to the defendant the sum of $250, and that the defendant during the continuance of the agreement should "treat the said party of the second part [the plaintiff] as his co-partner in the ownership and management of the said business, and shall and will accord to him all the rights and privileges of a co-partner in the same business; but it is expressly understood and agreed that the said party of the second part [the plaintiff] shall be called upon in no way by the said party of the first part [the defendant] to personally pay any of the expenses which may have been previously incurred in the management and operation of the said business, or which shall be incurred during the period of one month from the execution of this instrument."   It was further provided that the plaintiff should at the end of each week for the said period of one month divide with the defendant the net profits arising from the business, and the latter expressly guarantied that the share of the plaintiff in such profits should be not less

than the sum of $20 per week. Upon the expiration of one month after the execution of the instrument the defendant agreed, at plaintiff's election, either to pay over to the plaintiff his proportion of the net profits up to that date, and to "hold the said party of the second part [the plaintiff] absolved from this agreement and from every part thereof," and also at the end of one week from the expiration of said month to pay over to the plaintiff the sum of $250, or to sign certain articles of co-partnership between the parties, a copy of which was annexed to the agreement. The plaintiff agreed to exercise his election in the matter three days prior to the expiration of the month. There are other provisions contained in the agreement, to which it is not material to refer. The plaintiff, claiming to have elected to terminate his relations with the defendant, and to receive the money which in that event was to be paid to him by the terms of the contract, brought this action in the municipal court of the city of New York, borough of Manhattan, Sixth district, for the recovery of $250, and also the sum of $40.27, the amount of the unpaid profits at the guarantied rate of $20 a week. The defendant pleaded a general denial, and that the court had no jurisdiction of the action, and also interposed a counterclaim for $150. No proof, however, was given upon the trial in support of the counterclaim. Upon the trial of the case, and at the close of the testimony, the defendant's counsel moved to dismiss the complaint on the ground "that it now appears that the plaintiff and defendant were co-partners, and that, if the plaintiff has any remedy at all, it is in a court of equity; further, that the plaintiff has failed to establish facts sufficient to constitute a cause of action." The motion was granted in the following words: "Motion to dismiss granted (being a partnership agreement), with $10 costs to defendant,"—and judgment in favor of the defendant was awarded accordingly.

The case was thus decided by the trial justice solely on the ground that the court had no jurisdiction of the action, because the plaintiff's cause of action was solely of equitable cognizance, and that the municipal court had no equity jurisdiction. Admitting, for the purpose of argument, that there was a co-partnership relation between these parties under this contract, it does not follow that a suit at law, such as this, could not be maintained by one partner against the other solely because of the relation which existed between them. Where the amount which one partner is entitled to receive from the other upon the closing up of the co-partnership is liquidated and assented to by both, such an action may be maintained. Jurisdiction in equity in such cases rests substantially upon the necessity of taking an account with respect to the co-partnership transaction, and striking a balance as between the parties; but where no occasion for this exists,—where the amount which the one partner is to pay to the other is definitely ascertained, and no questions growing out of their co-partnership relation remain to be adjusted,—it is well settled that an action at law for the amount due may be maintained by the creditor partner. In the case at bar the plaintiff had no interest in the assets of the co-partnership; nor was he, as between himself and his co-partner, chargeable with any of the debts

of the concern.    Upon the termination of the partnership in a manner provided in the agreement, what the plaintiff was to receive, and all that he was to receive, by the terms of such agreement, was the sum of $250, and his unpaid half of the net profits.    If the plaintiff were suing here to recover a half of the net profits, as actually earned, it is conceded that an accounting would be necessary, and that his action should then have been brought in a court of equity. But such is not the case.    He is suing, so far as profits are concerned, only for the minimum guarantied sum of $20 a week,—the amount which the defendant bound himself to pay in any event, whether profits were actually earned or not.    We have here, then, an agreement which settles the exact minimum sum which the plaintiff was to receive upon the expiration of the co-partnership, which was to be subject to no diminution; and the case, therefore, is one which comes within the class of cases above mentioned, where an action at law may be brought by one partner against the other.    I am of opinion, therefore, that the court erred in dismissing the complaint on the ground on which such dismissal was placed, and that a new trial must be had.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.    All concur.