(109 App. Div. 165.)

MITCHELL v. TONKIN.

(Supreme Court, Appellate Division, Second Department. November 17, 1905.)

1. PARTNERSHIP—TERMINATION OF RELATION.

Purchasers of property, who agree to divide the profits resulting from a resale, become partners in respect to such profits, and the relation so created can only be terminated by consent, or by an action in equity for a dissolution and an accounting.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Partnership, § 16.]

2. SAME—ACTIONS BETWEEN PARTNERS.

A common-law action in respect to one partner's share of the profits of a partnership transaction will not lie between the partners until after a full accounting, balance struck, and an express promise to pay.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Partnership, § 157.]

3. SAME—CONDUCT OF BUSINESS—INTERFERENCE OF COURTS.

Where defendant took title to property purchased by himself, plaintiff, and others, and it was agreed that the profits resulting from a resale should be divided between the parties, but there was no agreement as to when the property should be resold, or at what price, equity would not interfere with defendant's refusal to sell the property at a price offered therefor, in the absence of evidence that such refusal was unreasonable.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by John L. Mitchell against Nathaniel Tonkin. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER, JJ.

Nathaniel Tonkin, in pro. per.

George B. Ackerly, for respondent.

RICH, J.   The plaintiff claims that defendant agreed with him and two others to carry out a certain contract for the purchase of real property, which he had made and was unable to complete, and in consideration of his furnishing sufficient money to carry out the contract defendant should take title in his name, and upon a sale of the premises all profits, after deducting interest on the moneys advanced, were to be divided into four equal parts, one of which should belong to the plaintiff.   There was no agreement, however, as to when the property should be sold, or at what price.   The defendant purchased the property under the terms of the plaintiff's contract for $1,850, and the plaintiff thereafter procured a person who was willing to purchase the premises for $2,400, but defendant refused to sell at that figure.   This action was thereupon begun to recover the amount the plaintiff would have been entitled to receive providing the sale had been made, and he has recovered a judgment for that amount, from which this appeal is taken.

Upon the trial the plaintiff gave evidence tending to establish these facts; but the trouble is that he has mistaken his remedy, if he has any at this time.   The four persons were to share in the profits of this venture, and to this extent there was a community of interest, and they became partners in respect to the profits.   The relation could only be terminated by consent of the parties, or, in case of their being unable to agree, either could maintain an action in equity to terminate the relation and for an accounting; and this would have been the proper remedy.   Marston v. Gould, 69 N. Y. 220; Wilcox v. Pratt, 125 N. Y. 690, 25 N. E. 1091.   A common-law action will not lie until after a full accounting, balance struck, and express promise to pay.   Belanger v. Dana, 52 Hun, 43, 4 N. Y. Supp. 776.   The title to the property still remains in the defendant.   There is no evidence justifying the inference that his refusal to sell for $2,400 was unreasonable, and until this is made to appear a court of equity will not interfere.   Lord v. Hull, 178 N. Y. 9, 70 N. E. 69, 102 Am. St. Rep. 484.

For these reasons, and without considering the other questions involved, the judgment must be reversed, with costs.   All concur.