Misc. Rep. 72, 22 N. Y. Supp. 700. See, also, 3 Misc. Rep. 639, 23 N. Y. Supp. 1160; Clenighan v. McFarland, 16 Daly, 402, 11 N. Y. Supp. 719.

It is undoubtedly true that Morse took the premises subject to the terms of Dewey's lease to the defendant, but it does not follow from this that he took it subject to any collateral agreement, outside of the lease and resting in parol, that may have existed between Dewey and the defendant. When the defendant paid rent to Morse, he attorned under the terms of the written lease. If the defendant had an oral agreement, collateral to the lease and not expressed in it, with Dewey, the original lessor, which was broken by the latter, the defendant's remedy is an action to recover damages against him for such breach. A tenant cannot hold the assignee of a subsequent grantee of the land for damages for the breach of an agreement of the lessor not expressed in the lease. Such an agreement as that alleged, when not expressed in the lease, is personal, and does not run with the land. The ruling of the trial justice dismissing the counterclaim was proper.

The omission to prove that the lease that was offered in evidence was signed by Dewey is immaterial, in view of the admissions contained in the answer that the defendant leased the premises from Dewey for the term specified in the complaint.

Judgment affirmed, with costs. All concur.

---

## VOEGTLIN v. BOWDOIN.

(Supreme Court, Appellate Term. May 16, 1907.)

1. JOINT ADVENTURES—PARTNERSHIP.

Defendant, being the owner of a play and a patented air reservoir, contracted with plaintiff and another to give to each one-third interest in both the play and the patent, and that, on securing a contract satisfactory to him, the three as joint owners would share equally all receipts, expenses, and profits in connection with the development of plays and the use of the reservoirs. *Held*, that such arrangement constituted a joint adventure, and made the parties liable as partners between themselves.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Joint Adventures, §§ 1–3.]

2. COURTS—MUNICIPAL COURT—JURISDICTION.

Where plaintiff, defendant, and another were partners as between themselves in a joint adventure for the exploitation of a play, plaintiff, in the absence of an accounting of the partnership business, could not maintain an action in the Municipal Court of the city of New York to recover his share of the profits derived from a contract to produce the play; such court being without equity jurisdiction, as provided by Municipal Court Act, Laws 1902, p. 1490, c. 580, § 2.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Arthur Voegtlin against Harry L. Bowdoin. From a Municipal Court judgment overruling a demurrer to the complaint, defendant appeals. Reversed, demurrer sustained, and complaint dismissed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Harris & Towne (Fancher Nicoll, of counsel), for appellant.
John Holden, for respondent.

SEABURY, J.　The complaint alleges that the defendant, being the owner of a play called "Neptune's Brides" and a patent on an air reservoir, which makes the play possible, entered into an agreement with the plaintiff and one Temple by which the defendant agreed "to give to each of the parties of the second part a one-third interest or ownership in both play and patent, dating from the day the patent is secured, and to continue thereafter forever," and "that, upon the securing of a contract satisfactory to the party of the first part, they will thereafter, as joint owners, share equally, one-third to each, all receipts, expenses, and profits in connection with the development of plays and the use of the patent air reservoirs."　The contract is set forth in full in the complaint, and is followed by an allegation that the defendant had received $2,500 for the use of such play and patent, of which sum he paid to the plaintiff the sum of $416.66, "leaving due this plaintiff the sum of $416.66 under the said contract."　To this complaint the defendant demurred upon the ground, among others, that the Municipal Court was without jurisdiction of the action.　The trial justice overruled the demurrer giving the defendant the usual leave to plead over.

Section 2 of the Municipal Court act (Laws 1902, p. 1490, c. 580) provides that "said court shall not have any equity jurisdiction."　The parties were engaged in a joint venture, and were to participate in the division of the profits, and were to share the expenses of their joint enterprise.　This agreement constituted the parties to it partners, and their rights and liabilities are to be determined upon the same principles as are applied by courts of equity to partnership transactions. Wilcox v. Pratt, 125 N. Y. 688, 25 N. E. 1091; Mitchell v. Tonkin, 109 App. Div. 165, 95 N. Y. Supp. 669; Jones v. Walker, 51 Misc. Rep. 624, 101 N. Y. Supp. 22.　A common-law action between partners "will not lie until after a full accounting, balance struck, and express promise to pay."　Mitchell v. Tonkin, supra; Belanger v. Dana, 52 Hun, 39, 43, 4 N. Y. Supp. 776.　No such situation as this existed between the parties to the contract alleged in the complaint.　In order to determine the amount due from one of the parties to the other, it is necessary, not only to determine the amount of money received, but the expenses incurred, and to apportion the amount due to each after such an accounting is had.

The cases of Ferguson v. Baker, 116 N. Y. 257, 22 N. E. 400, Lord v. Hull, 178 N. Y. 9, 70 N. E. 69, 102 Am. St. Rep. 484, and Head v. King, 33 Misc. Rep. 89, 67 N. Y. Supp. 141, upon which the learned trial justice relied, are not contrary to the views here expressed.　In Ferguson v. Baker, supra, the partnership between the parties had been dissolved, and the plaintiff sued to recover one-half of the sum of money collected by the defendant upon bills due to the firm and unpaid at the time of its dissolution, and all the partnership affairs had been adjusted.　The action in that case was distinct from the partnership accounts and did not involve their consideration.　Lord v. Hull, supra,

was a case where a court of equity, in an action for an accounting between partners, refused to interfere in matters of internal regulation of the business, where a dissolution of the partnership was not sought. In Head v. King, supra, the debt for which one partner sued another had been liquidated, and the action required no determination as to the fiim assets or liabilities. No support for the judgment appealed from can be derived from these authorities. The cause of action set forth in the complaint calls for the exercise of equitable powers, which the Municipal Court has no authority to exert.

Judgment reversed, with costs to the appellant, and demurrer sustained, with costs in the court below, and complaint dismissed.

All concur.