### GREENFELD v. SCHOENFELD.

#### (Supreme Court, Appellate Term.  May 4, 1911.)

COURTS (§ 190*)—MUNICIPAL COURT OF NEW YORK—APPEAL.

  Where a complaint in the Municipal Court was dismissed, upon the ground that an accounting between partners was involved, and on appeal the record is insufficient to show whether the agreement between the parties was to divide the proceeds of the enterprise or the profits, or whether an accounting was in fact involved, the judgment must be reversed, especially where the trial was summary, and plaintiff was not permitted to develop his theory of the case.

  [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Jacob Greenfeld against Harris Schoenfeld. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Louis N. Jaffe, for appellant.

Charles Tolleris, for respondent.

SEABURY, J. The complaint in this action was dismissed, apparently upon the ground that the action involved an accounting between partners, and that the Municipal Court was without jurisdiction to entertain such an action. The return shows that the trial was sum-

mary, and it appears that the plaintiff was hardly given an opportunity to develop the theory of his case, or to present evidence in support of it. It is not clear from an examination of the record whether the agreement between the parties was to divide the proceeds of their enterprise or the profits. Nor are we able to determine from the record whether the present action involves an accounting. Voegtlin v. Bowdoin, 54 Misc. Rep. 254, 104 N. Y. Supp. 394.

We think the interests of justice require that there should be a new trial, in which the plaintiff shall be permitted to present his proof, so that the court may intelligently determine the nature of the cause of action upon which he claims a right to recover.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.