J. HENRY LUDLUM and Four Other Plaintiffs in Separate Actions, Respondents, *v.* HENRY WAGNER, as President of the FAT MELTING AND CALF SKIN ASSOCIATION, an Unincorporated Association of More . Than Seven Members, Appellant.

Third Department, May 6, 1925.

Associations — action by member of voluntary association against president to recover proportionate share of assets of association and for dissolution and accounting — association is general partnership under Partnership Law — plaintiffs have right to maintain action — action properly brought under General Associations Law, § 13 — proof insufficient as basis of accounting — judgment for plaintiffs reversed.

A voluntary association, consisting of seven or more members, though subject to the General Associations Law, is, in fact, a general partnership within the meaning of the Partnership Law, and any member or members of the association may maintain an action in equity, under section 13 of the General Associations Law, against the president for the purpose of recovering his or their proportionate share of the assets, for an accounting, and for a dissolution of the association, together with a sale of the property and distribution of the assets.

However, the judgment in favor of the plaintiffs must be reversed on the ground that there was no proper accounting sufficient to justify the judgment, since it appears that the alleged accounting was based on annual statements, the last one being some time prior to the commencement of the action, and that these statements were received in evidence as the basis on which the court fixed the value of the shares. This does not constitute an accounting of partnership affairs, for there must be proof in the case, outside of the statements, of the value of the association's property, of its indebtedness, and of the equities between the plaintiffs and the association at the time the action was begun or tried.

A member of an association who has been released by the trustees has the right to maintain such an action, for the act of the trustees in releasing him does not relieve him from his obligation to the creditors of the association.

APPEAL by the defendant, Henry Wagner, from a judgment of the Supreme Court in favor of the plaintiff in each action, entered in the office of the clerk of the county of Albany on the 23d day of September, 1924, upon the decision of the court rendered after a trial before the court at the Albany Trial Term, a jury having been waived.

*Thomas F. Powers*, for the appellant.

*Goldberg & Kahn* [*Louis J. Rezzemini* of counsel], for the respondents.

VAN KIRK, J.:

The complaints in the first four actions are identical except the allegations as to the number of contributions owned and the

amount claimed by each plaintiff. The fifth action, by Bauer, is in all essentials the same except that he had been released as a member of the association while the other four had not. The actions were originally brought to recover the proportionate share of the assets of the association belonging to each plaintiff. Each complaint demands an accounting and a dissolution of the association or partnership, a sale of its property and a distribution of the proceeds. A motion was granted amending the complaint to conform to the proof.

These plaintiffs, with other persons, associated themselves in a joint undertaking, under a written agreement, and later by-laws and a constitution were adopted, to all of which each member subscribed. There were provisions by which any member could be released and have determined the conditions of his release. It is not disputed that the first four plaintiffs were denied the full measure of relief granted them under the constitution and by-laws. Nor is it disputed that each plaintiff having a grievance and desiring to obtain his money might apply to the courts for appropriate relief. And we do not understand that it is disputed that the plaintiff Bauer had a like right to apply to the court. By the agreement those coming in constituted a partnership, each entitled to a share in the profits and obligated to bear the losses in proportion to his " contribution." The defendant was a general partnership. (Partnership Law of 1909, §§ 2, 3, 4; Partnership Law of 1919, §§ 10, 11, 12.) The partnership agreement was without time limit, except that the members were bound to contribute their waste products, fat and hides for the period of ten years, which limitation had expired. The partnership relations could be terminated at any time. (*Marston* v. *Gould,* 69 N. Y. 220.) The plaintiffs, therefore, were in position to bring proper actions for an accounting, a dissolution and to have distributed to them the amount or value of their interest in the surplus assets of the partnership.

At common law the interest of a partner in the firm assets is not that of a tenant in common or of a joint tenant; it is the share to which he is entitled under the partnership agreement, after all of the firm debts are paid and all the equities between the partners have been adjusted. (30 Cyc. 444.) An action will not lie by one partner on a claim growing out of the partnership transactions until the business is wound up and the accounts finally settled; nor can a partner sue his copartners to recover part of the firm property in the absence of a statute permitting it. (*Belanger* v. *Dana,* 52 Hun, 39, 42; *Ives* v. *Miller,* 19 Barb. 196; *Buell* v. *Cole,* 54 id. 353.) There is no statute in this State giving such per-

mission. The remedy of a copartner who desires to recover his share of the firm assets is through an equity action for an accounting and settlement of the partnership affairs. The rights between the complaining partners and the firm and the creditors can be fixed by an accounting only. (*King* v. *Barnes,* 109 N. Y. 267, 286; *Belanger* v. *Dana, supra,* 43; *Mitchell* v. *Tonkin,* 109 App. Div. 165, 166.)

Are then the actions here brought proper and appropriate for such relief? Section 13 of the General Associations Law (as added by Laws of 1920, chap. 915) is as follows: " Action or proceeding against unincorporated association. An action or special proceeding may be maintained, against the president or treasurer of such an association, to recover any property, or upon any cause of action, for or upon which the plaintiff may maintain such an action or special proceeding, against all the associates, by reason of their interest or ownership, or claim of ownership therein, either jointly or in common, or their liability therefor, either jointly or severally. Any partnership, or other company of persons, which has a president or treasurer, is deemed an association within the meaning of this section." This section is a re-enactment of section 1919 of the Code of Civil Procedure. (See Laws of 1880, chap. 178, § 1919, as amd. by Laws of 1900, chap. 184.) The defendant association consisted of some 145 persons; it had a president and treasurer and trustees. It is a partnership, but for the purpose of actions by or against it, it is treated as an association and an action may be brought against it in the manner prescribed in the above-quoted section. We think these are actions which may be brought under that section; they are actions to recover against all the associates by reason of their interest in the property held jointly or in common, and they are such actions as partners may maintain. The section furnishes a convenient means for bringing an action to wind up partnership affairs, when there are many members of the partnership which has a president; no one is prejudiced thereby and we can conceive no reason why a member of such a partnership should not be permitted to bring such an action under it. The order allowing an amendment of the pleadings to conform to the proof is not specific as to the nature of the amendments and we may assume the amendments made the cause of action appropriate to the facts disclosed in the evidence, namely, to wind up partnership affairs. Indeed the defendant did not at the trial take the position that these actions cannot be maintained because brought under section 13 of the General Associations Law (*supra*), or that there is any defect in parties defendant. The real question raised by the appellant is that there is no proof in the case to justify the

award made by the trial court; that no proper accounting has been had. The only appearance of an accounting is as follows: This partnership has issued annually what it calls a condensed statement, the last being as of September 30, 1922, some months prior to the beginning of four of these actions. The Bauer action was commenced over one year prior thereto. These statements were received in evidence and furnish the basis on which the court has fixed the value of the shares. This does not constitute an accounting of partnership affairs. The values of real and personal property items in the last statement are merely estimates made out of court. There is no proof in the case outside this statement of the value of the association's property, its indebtedness and of the equities between the plaintiffs and the association at the time the actions were begun or tried. Under the circumstances of the case we think the plaintiff Bauer, in his right to an accounting, stands in a like position with the other plaintiffs; though released by the trustees he is not relieved from his obligation to creditors of the partnership.

The judgments should be reversed and new trials granted, to the end that a full accounting may be had, all partnership accounts adjusted and the rights and interests of the respective plaintiffs in the net assets of the partnership be ascertained.

All concur.

Judgments reversed on the law and new trials granted, with one bill of costs to the appellants to abide the event.