JOSEPH OSCAR SIVIN and Others, Appellants, *v.* WARNER L. JONES and Others, Respondents.

First Department, October 28, 1932.

*Mark G. Holstein,* for the appellants.

*Theo. J. Miller* of counsel [*Dunnington, Gregg & Church,* attorneys], for the respondent Warner L. Jones.

*Leonard P. Moore* of counsel [*Robert M. Bozeman* and *Charles Pickett* with him on the brief; *Chadbourne, Stanchfield & Levy,* attorneys], for the respondent John Gaston.

*Abraham M. Grill* of counsel [*Woodruff & Grill,* attorneys], for the respondent Thomas N. McCarter, Jr.

MARTIN, J. In this action in equity, which is based upon an agreement executed October 10, 1929, the plaintiffs seek a partnership accounting.

The agreement between the parties provides for the formation of a limited partnership to carry on a general brokerage business under the style of J. O. Sivin & Co., for the period commencing January 1, 1930, and terminating December 31, 1932, unless as therein provided, the partnership shall be continued beyond that period. Although the term of this partnership is fixed by the agreement at three years, there is a self-executing renewal clause therein which provides that the partnership shall continue "for successive two-year periods after the first of January, 1932," unless terminated by notice.

The options or privileges which certain members of the firm were given indicate that if it was not definitely in the minds of the parties, it was at least contemplated that the partnership would continue until December 31, 1939. The agreement provides that the parties shall contribute a total capital of $5,200,000; that profits are to be divided and losses borne in certain designated proportions.

The plaintiff William Braden and the defendant Warner L. Jones are described as limited partners, the former to have a drawing account of $30,000 a year, the latter to have $24,000 a year, and to share in the profits and bear a specified proportion of the losses. The defendant McCarter was to be the Stock Exchange member. The business contemplated by the partnership was never actually commenced.

In preparation for business, but before the approval of all the parties to the partnership agreement, the partnership leased certain premises at No. 27 William street and No. 400 Madison avenue, borough of Manhattan, city of New York, and entered into a contract with an architect to make necessary structural changes in the premises and to furnish and equip offices. These expenses it is conceded the plaintiffs paid, amounting to $39,397.04. The aggregate rental for both premises amounted to $235,000. It is also conceded that certain amounts of rent were paid by the plain-

tiffs; in the case of No. 27 William street, $9,374.98, in addition to which there was paid by the plaintiff a consideration for securing a surrender and cancellation of this lease, the sum of $16,567.50. In the case of No. 400 Madison avenue premises, the plaintiffs paid $9,513.75 as rent.

At the commencement of this action the liability of the partnership on account of the unexpired term of the No. 400 Madison avenue lease was unsettled. The complaint alleges that a further sum is due and owing to the landlord on that lease and that " in addition thereto said partnership is still liable upon said lease for the unexpired term thereof."

The plaintiffs have in their possession the sum of $2,900 representing the proceeds from the sale of certain furniture and salvaged leather belonging to the partnership which is held in trust for the benefit of all the parties.

Upon the trial the plaintiffs attempted to prove that the leases in question and the contract with the architect for altering and furnishing the offices were expressly authorized by the members of the partnership. This evidence the court excluded. The plaintiffs also offered to prove that the expenditures mentioned in all instances were based upon actual contracts entered into in the name of the firm of J. O. Sivin & Co. This was objected to by the defendants. The court sustained the objection, stating: " In the opinion of the court, with reference to these expenditures, the plaintiffs are relegated to an action at law. In the absence of any proof that the copartnership did any business or ever functioned, the court, so far as the proof in the record is concerned, has not yet acquired any equitable jurisdiction; so that it could not award any damages in this action in the present state of the record, and as represented by the claim of these plaintiffs." The plaintiffs then sought to amend the complaint by setting forth as a second cause of action an express promise by the defendants to reimburse the plaintiffs ratably on account of the advances made by them, but the motion was denied upon the ground that " the second cause of action is one at law."

The appellants contend upon this appeal that the court erred not only in excluding evidence but also in dismissing the complaint.

The trial court appears to have been of the opinion that all negotiations prior to the date set for the commencement of the partnership were without authority and that the partners who expended moneys at the direction of the members of the partnership could not be reimbursed. It is a very frequent occurrence for preparations to be made in advance for the commencement of a partnership business and many such transactions are within the

scope of the partnership and may be properly authorized and become binding upon all of the partners. It is apparent that the partnership in this instance could not wait until the day its business was to commence to secure suitable quarters and prepare offices for the transaction of business. It is evident that some of the partners, if not all, authorized the expenditures in question. It is not contended that the expenditures so made were not in the interest of the partnership; in fact it appears to be conceded that such expenditures were not only in the interest of the partnership but absolutely necessary in preparing for the opening of the partnership business on a future day.

In *King* v. *Barnes* (109 N. Y. 267) the complaint alleged that the plaintiffs and defendant entered into a parol agreement whereby certain real estate was purchased for their joint account, the parties contributing equally thereto; a corporation was thereafter formed and the capital stock was to be equally divided. The defendant B. refused to carry out the agreement and the plaintiffs asked for an accounting and the transfer to them of their proportionate share of the stock.

The court held that the agreement was not void because of the Statute of Frauds as creating an interest in real estate, nor was it contrary to public policy or without adequate consideration, and that it was immaterial whether the agreement constituted a partnership in the technical legal sense, or whether it was a joint enterprise; that it was to be enforced upon principles applying to partnership transactions. It was also held that the allegations of the complaint presented a case for equitable cognizance and was a clear case for an accounting, and trial of all issues incidentally arising upon such accounting.

The court said (at p. 286): "The action is not one to enforce specific performance of the agreement, but, it having been executed, it is to establish the rights of parties advancing money and incurring liabilities in reliance thereon against other parties liable by the express terms of the contract to contribute equally to such advances and share such liabilities. Such an action is peculiarly one for the cognizance of a court of equity, and it has entertained jurisdiction of like cases from time immemorial."

In *Ludlum* v. *Wagner* (212 App. Div. 779) the court said: "An action will not lie by one partner on a claim growing out of the partnership transactions until the business is wound up and the accounts finally settled; nor can a partner sue his copartners to recover part of the firm property in the absence of a statute permitting it. * * * The remedy of a copartner who desires to recover his share of the firm assets is through an equity action for

an accounting and settlement of the partnership affairs. The rights between the complaining partners and the firm and the creditors can be fixed by an accounting only. [*King* v. *Barnes*, 109 N. Y. 267, 286; *Belanger* v. *Dana*, 52 Hun, 43; *Mitchell* v. *Tonkin*, 109 App. Div. 165, 166.] "

In *Marston* v. *Gould* (69 N. Y. 220) the court said: " Whether the parties were strictly partners *inter sese* or as to third persons, is not material. They stood in that mutual and confidential relation to each other, and had that joint interest in the result of the adventure that either could demand an accounting with a view to ascertain the profit or loss, and ascertain their respective rights. * * * If this does not constitute a technical partnership between the parties *inter. sese*, an adjustment and a division of the net profits requires an accounting, and to that the plaintiff was entitled. * * *

" The same remedy exists against any one occupying the position of a *quasi* partner involving the same trust, duties and obligations. The action of the plaintiff was not, therefore, misconceived, whether it be regarded as an action for an accounting and a distribution of the profits, or for the adjustment of losses sustained by the misconduct of the defendant."

In *Worms* v. *Lake* (198 App. Div. 776, 781) the court said: " Plainly, all the parties to the agreement were co-adventurers and there was a quasi-partnership relation between them, and, therefore, the rights and liabilities of the parties are to be determined and enforced upon the same principles as are applied by courts of equity to partnership transactions."

It is unnecessary to multiply authorities to show that where several persons agree on terms of a partnership, to begin at a future date, and in order to be ready to transact business on the day in question, they proceed with the plans necessary for that purpose, the partners who have been authorized to incur liabilities or expend money in making such preparations may bring an action for an accounting against the other members of the partnership and obtain judgment for the proportionate share the other members of the partnership must pay.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

FINCH, P. J., MERRELL, McAVOY and SHERMAN, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.