JOSEPH OSCAR SIVIN and Others, Respondents, *v.* WARNER L. JONES and Others, Appellants.

First Department, February 2, 1934.

*Theodore J. Miller* of counsel [*Dunnington, Gregg & Church*, attorneys], for the appellant Warner L. Jones.

*Leonard P. Moore* of counsel [*David S. Hecht* with him on the brief; *Chadbourne, Stanchfield & Levy*, attorneys], for the appellant John Gaston.

*A. M. Grill* of counsel [*Maurice Feldman* with him on the brief; *Woodruff & Grill*, attorneys], for the appellant Thomas N. McCarter, Jr.

*Mark G. Holstein* of counsel [*Harry A. Yerkes, Jr.*, with him on the brief; *Mark G. Holstein*, attorney], for the respondent.

O'MALLEY, J. In this action between the parties to a partnership agreement there is involved the right to compel contribution for expenses incurred by some of the parties in preparation for the commencement of the business.

On a prior trial the complaint was dismissed after the evidence disclosed that the business of the partnership had not actually begun and that the venture had been finally abandoned. The judgment of dismissal was reversed by this court and a new trial ordered on the broad theory that an action for an accounting for expenses incurred before the date set for the commencement of business, if such were authorized or necessarily incurred, would lie (*Sivin* v. *Jones*, 236 App. Div. 483). This was the sole effect of our decision; and, of course, we did not pass upon the merits of the action which we left for determination upon a full adducement of the facts. We held merely that an action of the character disclosed was properly brought in equity.

The evidence upon this trial, so far as is necessary for the determination of the appeal, showed that the parties in October, 1929, agreed to form a stock brokerage partnership to commence January 1, 1930. Originally, the capital was to be $5,200,000. The defendant McCarter was to contribute a stock exchange seat of the value of $500,000, which he subsequently purchased. He advanced, however, only the sum of $130,000, the balance of $370,000 being advanced to him by the plaintiff Sivin.

In preparation for the commencement of business certain liabilities were incurred. These included the leasing of space for a downtown and an uptown office, a contract with a firm of architects for necessary structural changes therein and the furnishing of such offices.

Shortly after the agreement was made the stock market suffered the first of a series of " breaks." At a meeting of the parties in

November an agreement was reached whereby the original capital was reduced fifty per cent. At a subsequent meeting in December, however, further reductions in the amount of capital were considered. The amount that could be raised at that time was approximately only $1,000,000. Serious disputes arose and the failure to reach an agreement gave rise to this suit.

At this meeting the defendant Jones stated that he was unable to put up any capital and that he was insolvent. He refused to come in even though his capital contribution was waived. The evidence justified a finding that the defendant McCarter stated that if Jones would not continue then he likewise would refuse to continue.

We are of opinion that in these circumstances the Special Term properly held the defendants Jones and McCarter liable to contribution for expenditures incurred in preparing for the actual commencement of the business as originally contemplated. Some of the expenditures in the first instance were clearly necessary and in fact authorized.

As we view the facts it would seem immaterial whether the plaintiffs themselves were ready, able and willing to continue the partnership as originally contemplated, or as modified by later agreement. They and the defendants Jones and McCarter, by refusing to proceed under the original agreement or as modified, had practically come to an agreement of dissolution. Under our prior decision the latter were properly held parties to an accounting, wherein their contribution to the liabilities incurred may be determined.

With respect to the defendant Gaston, however, a different situation prevails. He at no time refused to proceed either on the basis of the original agreement or as modified. At the meeting in December, it appeared merely that he had an acrimonious dispute with the defendant Jones because of the latter's refusal to proceed. He is said to have referred to Jones as a " welcher." But this is not evidence of a refusal on the part of Gaston to perform; rather it is evidence to the contrary. Other evidence adduced showed that the defendant Gaston was at all times ready to proceed and make his capital contribution.

Of course, it should be borne in mind that we are here dealing with the rights and liabilities of the parties to the partnership agreement *inter sese* and not with the rights of third parties against such partnership.

It follows, therefore, with respect to the defendants Jones and McCarter, the judgment appealed from should be affirmed, with costs to the plaintiffs; that with respect to the defendant Gaston,

the judgment should be reversed, with costs, and the complaint dismissed as against said defendant, with costs.

FINCH, P. J., MERRELL, MARTIN and UNTERMYER, JJ., concur.

Judgment against the defendants Warner L. Jones and Thomas N. McCarter affirmed, with costs to the plaintiffs against said defendants. Judgment against the defendant John Gaston reversed, with costs to said defendant against the plaintiffs, and the complaint dismissed as against said defendant, with costs. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.