■ The People of the State of New York, Respondent, v. Peter Bernard and Jamie Silva, Appellants. — Appeal by defendants from a judgment of the Supreme Court, Kings County, rendered July 15, 1963 after a jury trial, convicting them of robbery in the first degree, grand larceny in the first degree and assault in the second degree, and imposing sentence. Judgment reversed on the law and the facts and a new trial granted. Defendants were convicted of robbing a seaman who complained that when he asked a bartender to call a taxi the defendants offered to drive him to his destination and then robbed him when he got into their car. Defendants' counsel urged the court to have the bartender brought into court after he had ignored a subpœna served on him. In view of complainant's testimony that the bartender knew of defendants' offer and said " it's okay "; and in view of the defendants' claim that the bartender's testimony would establish that complainant (who by his own account had consumed nine drinks in a few hours) was never in his bar until he

came in with the police and pointed out defendants, we are of the opinion that the court should have aided the defendants' counsel in compelling the appearance of this witness, even if the request was tardy (U. S. Const., 6th Amdt; Civil Rights Law, § 12; CPLR 2308, subd. [a]). It also appears: (1) that, although the defendants produced four witnesses whose testimony contradicted in whole or in part the complainant's testimony, the complainant was unavailable for recall by the defendants because he had sailed on a ship at the end of the first day of trial; and (2) that defendants were prevented from rehabilitating one of their witnesses after the District Attorney had framed a question which, when answered in the affirmative, raised an inference that the witness had recently testified as an alibi witness in another case. In the light of the cumulative effect of these errors, and upon the whole record, we are of the opinion that, despite all the evidence against the defendants and the probability that the recalcitrant bartender may prove less valuable than the defendants anticipate, a new trial should be had in the interests of justice (*People* v. *Wells*, 272 N. Y. 215). Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.