**UNITED STATES of America ex rel. Stanley JABLONSKY, Petitioner,**

**v.**

**Hon. Harold W. FOLLETTE, Warden, Green Haven Prison, Stormville, New York, Respondent.**

**No. 68 Civ. 2499.**

United States District Court
S. D. New York.

Oct. 24, 1968.

---

Stanley Jablonsky, petitioner, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City (Hillel Hoffman, Asst. Atty. Gen., New York City, of counsel), for respondent.

## OPINION

MacMAHON, District Judge.

Petitioner, Stanley Jablonsky, presently confined at Green Haven Prison, Stormville, New York, moves for a writ of habeas corpus under 28 U.S.C. § 2241, attacking collaterally a conviction for burglary in the third degree and the sentence of five to seven years imposed by the New York Supreme Court, Bronx County, on November 26, 1965 after a jury trial. Allegedly, the conviction violated the Sixth and Fourteenth Amendments of the federal Constitution.

Specifically, petitioner claims: (1) denial of his right to effective assistance of counsel because of the limited amount of time allowed his assigned counsel for consultation and preparation; (2) denial of his right to compulsory process and confrontation due to the nonproduction of the arresting officer as a witness; (3) error because the state read into the record the criminal complaint and (4) error because the criminal court transcript was unavailable.

Claims (3) and (4) may or may not be legal errors under the law of New York, but they are not denials of rights protected by the federal Constitu-

tion and are, therefore, not grounds for relief in a habeas corpus proceeding. 28 U.S.C. § 2241(c) (3); Spencer v. State of Texas, 385 U.S. 554, 560–564, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); Waley v. Johnston, 316 U.S. 101, 104–105, 62 S. Ct. 964, 86 L.Ed. 1302 (1942). We turn to petitioner's remaining claims.

Petitioner was represented at trial by the Legal Aid Society. On the eve of trial, the attorney assigned to him was transferred to another branch. A different attorney was appointed, and on the appointed day of trial his motion to postpone the trial for 24 or 48 hours was denied. The trial, however, did not actually commence until the following day. Although petitioner alleges that his attorney was unprepared and that he was therefore denied his Sixth Amendment right to effective assistance of counsel, he does not point to any particular mistakes stemming from his attorney's alleged lack of preparation. Petitioner has not presented this claim to the state courts, but we will assume *arguendo* that he has so that we can dispose of it on its merits.

■ Length of time to prepare will not in and of itself justify a conclusion of ineffective assistance of counsel. United States v. Trigg, 392 F.2d 860, 862 (7th Cir. 1968); United States v. Tribote, 297 F.2d 598, 601 (2d Cir. 1961). The time required for preparation varies with the complexity of the crime charged and counsel's familiarity with the law and the facts. United States v. Wight, 176 F.2d 376 (2d Cir. 1949), cert. denied, 338 U.S. 950, 70 S. Ct. 478, 94 L.Ed. 586 (1950). The traditional rule is that mere conclusory allegations of incompetency of counsel will not suffice as grounds for issuing habeas corpus. United States v. Tribote, supra. Petitioner must allege facts demonstrating that the unpreparedness resulted in a trial that was a farce and a mockery of justice. United States v. Wight, supra, 176 F.2d at 379. Petitioner's conclusory allegations of denial of effective assistance of counsel must, therefore, be rejected.

Petitioner also contends that the state denied him the right to compulsory process and confrontation because it did not produce the arresting officer either as a witness for the state or for the defense. Petitioner alleges that he made exculpatory statements to the officer. At the trial, petitioner's attorney moved for the production of the arresting officer as a witness for the defense. The trial court denied this motion. Petitioner also raised this claim on appeal. The state argues that even if the petitioner had a right to compulsory process, the right was not abridged because the exculpatory statements allegedly given were hearsay and self-serving and, therefore, inadmissible.

The right of an accused to have compulsory process for obtaining witnesses in his favor, guaranteed by the Sixth Amendment, has very recently been held applicable to the states. Washington v. State of Texas, 388 U.S. 14, 17, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). The court did not, however, indicate if the ruling is to be applied retroactively.

Since the *Washington* case was decided on June 12, 1967 and the two appeals took place within a month of that decision, as a matter of comity we should afford the New York state courts the opportunity to pass on this question in light of the new constitutional standards.

To aid in making this determination, we note that petitioner did not attempt to subpoena this witness prior to trial. New York Code of Criminal Procedure §§ 8(3), 611; People v. Bernard, 23 App.Div.2d 697, 258 N.Y.S.2d 198 (2d Dep't 1965); Sivin v. Jones, 236 App. Div. 483, 260 N.Y.S. 91 (1st Dep't 1932). He did not make his motion for the production of the arresting officer until *after* the trial commenced, and to have granted it would have required an adjournment of the trial. Interruption of criminal trials by such mid-trial requests are not sanctioned. Nardone v. United States, 308 U.S. 338, 341–342, 60 S.Ct. 266, 84 L.Ed. 307 (1939). At no time has petitioner made an offer of

proof as to the nature of the exculpatory statements made to the officer. Thus, a question of deliberate bypass of state procedure is present, Fay v. Noia, 372 U.S. 391, 438–439, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963), as well as a question of whether the officer can actually give admissible evidence favorable to the defense. Both of these questions should be decided by the state court.

We, therefore, return this case to the New York state courts to determine if petitioner's right to compulsory process was denied in light of the Supreme Court's recent decision in Washington v. State of Texas, supra. The application is denied in all other respects.

So ordered. No further order is necessary.