Fernando GOMEZ, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 73 Civ. 5184–LFM.

United States District Court,
S. D. New York.

March 8, 1974.

Fernando Gomez, petitioner pro se.

Paul J. Curran, U. S. Atty. for the Southern District of New York, for respondent; Daniel H. Murphy, II, Asst. U. S. Atty., of counsel.

## OPINION

MacMAHON, District Judge.

Petitioner Fernando Gomez, confined to the federal penitentiary in Lewisburg,

Pennsylvania, moves, pro se, under 28 U.S.C. § 2255 to vacate two concurrent seven-year prison sentences imposed upon him by this court on September 26, 1973, upon his conviction for conspiracy to violate the narcotics laws, 21 U.S.C. § 846, and possession with intent to distribute cocaine, a Schedule II drug, 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A), following a one-day jury trial on July 26, 1973.

Gomez's confused petition, as best we can determine, appears to raise the following claims: (1) that his attorney "virtually insisted" that he plead guilty to the possession count, (2) that he could not understand or participate in the court proceedings because he speaks no English and no interpreter was present to translate into Spanish for him, and (3) that his counsel was ineffective and "actually did me more harm than good."

Petitioner's first two claims are simply false. Although he attempted to plead guilty to conspiracy to violate the narcotics laws, 21 U.S.C. § 846, the court refused to accept the plea because our interrogation of petitioner failed to convince us that the required factual basis for the plea was present. The case proceeded to trial and petitioner was found guilty on both counts by the jury.

The second claim is also false. Two Spanish interpreters were provided by the government to translate the proceedings into Spanish for Gomez and his two co-defendants. There can be no doubt, therefore, that he understood the proceedings and could have aided his counsel in preparing his defense.

Petitioner fails to state any facts supporting his claim that he was denied effective counsel. Other than alleging that his counsel forced him to plead guilty, which as previously discussed is false, the petition merely makes conclusory allegations stating that petitioner's legal counsel was ineffective. Petitioner must, however, do more than merely allege in a conclusory manner that his counsel was incompetent. United States v. Tribote, 297 F.2d 598, 601 (2d Cir. 1961); United States ex rel. Jablonsky v. Follette, 291 F.Supp. 828 (S.D.N.Y.1968). He must point to specific prejudice resulting from the alleged incompetence, United States ex rel. Hardy v. McMann, 292 F.Supp. 191, 194 (S.D.N.Y.1968), and he must allege facts demonstrating that the conduct of counsel was " 'of such a kind as to shock the conscience of the Court and make the proceedings a farce and mockery of justice.' " United States ex rel. Marcelin v. Mancusi, 462 F.2d 36, 42 (2d Cir. 1972), cert. denied, 410 U.S. 917, 93 S.Ct. 977, 35 L.Ed.2d 279 (1973), quoting from United States v. Wight, 176 F.2d 376, 379 (2d Cir. 1949), cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950); United States ex rel. Curtis v. Zelker, 466 F.2d 1092, 1101 (2d Cir. 1972), cert. denied, 410 U.S. 945, 93 S.Ct. 1405, 35 L.Ed.2d 612 (1973). Petitioner has totally failed to meet this burden of factual allegation and, therefore, we must reject his conclusory allegations that he was denied effective counsel.

Accordingly, petitioner's motion is denied in all respects. This court will not authorize an appeal in forma pauperis under 28 U.S.C. § 1915, and under the cited section hereby certifies that any appeal is not taken in good faith. In this context, good faith is judged by an objective standard, and if an appeal is frivolous it is not taken in good faith. Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); United States v. Visconti, 261 F.2d 215 (2d Cir. 1958), cert. denied, 359 U.S. 954, 79 S.Ct. 743, 3 L.Ed.2d 762 (1959).

So ordered.